571 So.2d 26 (1990)
Suzanne KLIPPER, Petitioner,
v.
Government Employees Insurance Company, Respondent.
No. 90-01400.
District Court of Appeal of Florida, Second District.
August 1, 1990.
Rehearing Denied September 5, 1990.
*27 Lisa A. Jayson of L.D. Beltz & Associates, St. Petersburg, for petitioner.
Daniel P. Mitchell of Mitchell and Carter, P.A., Tampa, for respondent.
PER CURIAM.
Suzanne Klipper seeks certiorari review of an order of the circuit court which requires her to submit to a medical examination but disallows her request to have a court reporter present during such examination. We deny the petition.
Klipper, who has filed an action for declaratory relief in circuit court, is seeking personal injury protection benefits under a policy issued by the respondent, Government Employees Insurance Company (GEICO). Prior to initiating her declaratory action Klipper had agreed to honor GEICO's request for a medical examination, made pursuant to section 627.736(7), Florida Statutes (1989). However, Klipper insisted that a court reporter be present. This resulted in cancellation of the scheduled examination.[1] GEICO filed a motion for summary judgment, asking the trial court to find that Klipper had unreasonably refused to cooperate, thereby breaching the insurance contract. See Allstate Insurance Co. v. Graham, 541 So.2d 160 (Fla. 2d DCA 1989). While the circuit court did find Klipper's refusal to attend the examination "unreasonable," it declined to impose any sanction beyond agreeing that GEICO had the right to insist upon an examination without the court reporter present.[2]
Klipper contends that this case is governed by our decision in Stakley v. Allstate Insurance Co., 547 So.2d 275 (Fla. 2d DCA 1989). We disagree. Stakley dealt with a compulsory examination under Florida Rule of Civil Procedure 1.360. We held that "[a]bsent any valid reason to prohibit the presence of a third party [requested by the person to be examined], their presence should be allowed." See also, Bartell v. McCarrick, 498 So.2d 1378 (Fla. 4th DCA 1986); Gibson v. Gibson, 456 So.2d 1320 (Fla. 4th DCA 1984). However, an examination conducted pursuant to the rules of civil procedure presupposes that litigation has been initiated and that the parties are in an adversarial posture. The medical examination provided for by section 627.736(7), which arises from the contractual relationship between a consumer and the insurer of his choice, is designed to assist the insurer in evaluating whether it is obligated to pay benefits under its policy. Tindall v. Allstate Insurance Co., 472 So.2d 1291 (Fla. 2d DCA 1985), rev. denied, 484 So.2d 10 (Fla. 1986). It does not necessarily follow that the outcome will be to the insured's disadvantage or that the examination is merely a prelude to inevitable litigation over coverage.
Neither the statute nor the terms of Klipper's policy give the insured the right to set additional conditions for the examination. As the trial court concluded, "the insurance company [is] not bound by the same standards as it would be if it were under a discovery process."
Petition denied.
SCHEB, A.C.J., and THREADGILL and ALTENBERND, JJ., concur.
NOTES
[1] The record suggests no particular reason for the doctor's refusal to conduct the examination under these conditions, except for GEICO's representations that he "will not allow" it.
[2] Klipper also refused to attend a second examination with a dentist selected by GEICO, for reasons apart from the issue posed by this petition. In this instance the trial court held that her actions were not unreasonable.