569 So.2d 1290 (1990)
Rafael A. PEREZ, Petitioner/Claimant,
v.
EASTERN AIRLINES, INC., Respondent/Employer/Carrier.
No. 90-1273.
District Court of Appeal of Florida, First District.
September 12, 1990.
Rehearing Denied December 13, 1990.
R. Cory Schnepper of Levine, Busch, Schnepper & Stein, P.A., Miami, for petitioner, claimant.
Elena M. Gomez of Miller, Kagan & Chait, P.A., Miami, for respondent, employer, carrier.
ALLEN, Judge.
The petitioner, Rafael A. Perez, seeks a writ of certiorari based on an order of the judge of compensation claims allowing counsel for the respondent, Eastern Airlines, Inc. (Eastern), to discuss Perez's medical condition with his physician in an ex parte fashion. Finding that the judge's order departs from the essential requirements of law, we grant the petition and quash the order of the judge of compensation claims.
On January 6, 1988, Perez suffered a compensable injury during the course of his employment with Eastern. Eastern paid Perez temporary worker's compensation benefits but disputed his other claims, particularly those associated with treatment of his diabetes, contesting any causal connection between Perez's back injury and his preexisting, diabetic condition.
When Eastern attempted to have a private discussion with Perez's internist, Dr. Reid, pursuant to § 440.13(2)(c), Florida Statutes (1989), Perez objected to such ex parte communication, relying upon § 455.241(2), Florida Statutes (1989). Perez did provide Eastern with Dr. Reid's medical reports and advised Eastern that he had no objection to a deposition or conference where his attorney would be present. Nevertheless, Eastern desired an ex parte discussion and brought the issue before the judge of compensation claims.
On April 4, 1990, the judge ruled that § 440.13(2)(c) provided authority for Eastern to conduct ex parte communications with Perez's physician. We disagree with the judge of compensation claims.
Section 455.241(2), states in pertinent part,
(2) such [medical] records shall not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient or his legal representative or other health care providers involved in the care or treatment of the patient, except upon written authorization of the patient.
Recently enacted § 440.13(2)(c), Florida Statutes, states in pertinent part,
Notwithstanding the limitations in s. 455.241 ... upon the request of the employer, the carrier, the attorney for either of them, or the rehabilitation provider, the medical records of an injured employee *1291 shall be furnished to such persons and the medical condition of the injured employee shall be discussed with such persons[.]
The judge is correct that § 440.13(2)(c), Florida Statutes, is an exception to the confidentiality constraints of § 455.241, Florida Statutes, and allows Eastern to discuss Perez's medical condition with Dr. Reid. However, nothing in Section 440.13(2)(c) requires that such discussion be had in the absence of Perez's counsel. Perez has not prevented Eastern from obtaining the information discussed in the statute; he merely objects to ex parte communications and seeks to have his attorney present during discussions between Eastern and his physician. This is entirely consistent with the clear language of the statute, and Eastern has failed to demonstrate how the statute accords it the greater right of communicating with the physician in an ex parte manner.
We, therefore, hold that, under the facts of this case, the judge's order allowing ex parte communications to take place between Eastern's counsel and Perez's physician was a departure from the essential requirements of law. Accordingly, Perez's petition for writ of certiorari is granted, and the order of the judge of compensation claims is quashed.
WENTWORTH and NIMMONS, JJ., concur.