576 So.2d 381 (1991)
Ed WEST and Wmpc, Inc. a Foreign Corporation, Petitioners,
v.
William P. BRANHAM and Cathline Branham His Wife, Respondents.
No. 90-3070.
District Court of Appeal of Florida, Fourth District.
March 13, 1991.
*382 Edward D. Schuster of Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Fort Lauderdale, for petitioners.
Philip M. Burlington of Edna L. Caruso, P.A., and Searcy Denney Scarola Barnhardt & Shipley P.A., West Palm Beach, for respondents.
Jack W. Shaw, Jr. of Osborne, McNatt, Cobb, Shaw, O'Hara & Brown, Jacksonville, for amicus curiae Florida Defense Lawyers Ass'n.
STONE, Judge.
The issue on this petition for writ of certiorari is the extent to which section 455.241, Florida Statutes, entitles counsel for plaintiffs to communicate, ex parte, with physicians designated as independent medical examiners (IME) pursuant to rule 1.360, Florida Rules of Civil Procedure, and precludes counsel for the defense from such communications.
The defense counsel, in this personal injury action, sought a protective order upon learning that the plaintiffs' attorney was arranging ex parte pre-deposition conferences with the physicians who had examined the injured plaintiff at the request of the defense pursuant to the rule. However, the trial court entered an order recognizing that plaintiffs' counsel was entitled to arrange such ex parte communications with the IMEs and prohibiting defense counsel from any communication with the examining physicians other than by deposition.
The trial court construed section 455.241 as granting plaintiffs' counsel an open discovery right of communicating ex parte with an independent medical examiner and as prohibiting any informal access by the defense to its examining physician notwithstanding that no treatment was involved and the examination was for trial purposes only.
*383 We consider the two portions of the trial court's order to be so inextricably intertwined as to require our consideration of the entire order.
Rule 1.360 provides that a party may request that an opposing party, whose physical condition is in question, undergo an examination by a qualified expert upon a showing of good cause. The trial court also has the authority to establish protective rules as needed with respect to the examination. The rule, in part, contemplates that a written report will be furnished to the party requesting the examination and sets out the conditions under which a copy of that report will be provided to the examined party upon request. Upon delivery of such a requisite copy of the report, the party at whose request the examination was made is entitled to receive copies of the examined party's medical reports. The rule goes on to provide that by requesting a copy of the report of the examiner the examined party waives any privilege with respect to the testimony of others who have examined him for the same condition.
Section 455.241, Florida Statutes, provides:
(1) Any health care practitioner licensed pursuant to [various chapters pertaining to licensure of medical professionals] who makes a physical or mental examination of, or administers treatment to, any person shall, upon request of such person or his legal representative, furnish, in a timely manner, without delays for legal review, copies of all reports and records relating to such examination or treatment, including X rays and insurance information... .
(2) Except as otherwise provided in s. 440.13(2)(c) such records shall not be furnished to, and the medical condition of a patient may not be discussed with any person other than the patient or his legal representative or other health care providers involved in the care and treatment of the patient, except upon written authorization of the patient. However, such records may be furnished without written authorization to any person, firm, or corporation which has procured or furnished such examination or treatment with the patients's consent or when compulsory physical examination is made pursuant to rule 1.360, Florida Rules of Civil Procedure, in which case copies of the medical records shall be furnished to both the defendant and the plaintiff. Such records may be furnished in any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or his legal representative by the party seeking such records. Except in a medical negligence action when a health care provider reasonably expects to be named as a defendant, information disclosed to a health care practitioner by a patient in the course of care and treatment of such patient is confidential and may be disclosed only to other health care provides involved in the care or treatment of the patient, or if permitted by written authorization from the patient or compelled by subpoena at a deposition, evidentiary hearing, or trial for which proper notice has been given... . (emphasis supplied)
In general, it is the practice of defense counsel in this state to treat the independent examining physician as a defense witness in preparation for trial. However, a broad interpretation of the statute turns this practice on end.
Patently, the purpose of the statute is to preserve a patient's right to confidentiality with respect to information disclosed to a health care provider in the course of the care and treatment of a patient and to limit the conditions under which such information may be disclosed to others. This includes closing the door to the previous practice of many defense attorneys of meeting privately or otherwise communicating ex parte with the plaintiff's treating physicians. The trial court relied on Franklin v. Nationwide Mutual Fire Ins. Co., 566 So.2d 529 (Fla. 1st DCA), rev. dismissed, 574 So.2d 142 (Fla. 1990) in its order. However, we consider that case to be inapposite, as it involved only communication *384 by defense counsel with the plaintiff's treating physician, a practice clearly proscribed by the statute.
We are satisfied upon our review of the statute that its terms do not mandate that a physician, after performing an examination pursuant to rule 1.360 at the request of the defense, be precluded from conferring with defense counsel, provided that the examined party is not otherwise being treated by the examining doctor. In our judgment, the statute is intended to protect individuals in their capacity as patients and was not intended to control examinations performed at the request of the opposing party for the sole purpose of obtaining evidence. Nor do we construe the statute as granting counsel for the examined party any special entitlement to ex parte interviews with the IME. We consider the statutory reference to rule 1.360, although ambiguously worded, as intended to exempt that process from the mandate of the statute. Were we to interpret this reference to the rule more broadly, we would be forced to consider whether the statute as broadly interpreted constitutes an unconstitutional infringement into the supreme court's rule making authority. To the extent that we may reasonably do so, we should construe the statute so that it is not inconsistent with the supreme court's rule.
We note, as argued by petitioners, that the statute specifically uses the word "patient" in reference to the examined party. Neither the statute nor any Florida decisions define the word "patient." Generally a party who is examined by an independent medical examiner employed by the adverse party for the sole purpose of determining whether physical factors are present that may confirm or rebut those that are asserted by the examined party would not be considered a "patient" of the examining physician. Nor can we discern any reason why an examined party would anticipate that such an examination would be confidential vis-a-vis the attorney requesting the examination.
Our record on this petition includes a portion of the senate staff comments. From this limited record it would appear that the wording of the statute, insofar as our issues are concerned, was intended to prevent the practice of defense counsel discussing a patient's condition with the patient's treating physician. We see nothing in the analysis furnished to us indicating an intent to restrict communication between the defense and its retained medical expert. Certainly, if the legislature had intended that trial courts would enter orders granting plaintiff's protection from communication between the defense and a witness it is calling as an expert, it could have said so in a much more clear and explicit manner.
We conclude that the legislature did not intend by section 455.241(2) to permit free and unfettered ex parte access by the examined party's counsel to the independent medical examiner while at the same time depriving counsel for the party requesting the examination not only of access to the examined party's treating physicians but also of access to the examining physician retained by that requesting party. We also note that, by its order broadly interpreting the statute, no protection is afforded to defense counsel to the extent that the examining doctor's records may contain the work product of the requesting party.
It is clearly the purpose of an independent medical examination to offer the requesting party, upon a showing of good cause, the benefit of another evaluation of the examined party's condition and of any issues of causation in anticipation that such evaluation may be balanced against the examined party's unlimited access to treating physicians and other experts. By interpreting this statute in the broad manner advocated by respondents, the adverse counsel will not even be able to calculate whether to call the IME as an expert witness as to any of the issues relating to the examined party's condition without first taking an exhaustive and open-ended deposition in order to determine what answers to anticipate from their own expert. Because of our interpretation of the statute, we need not address the additional issue raised by petitioners that the statute, as *385 broadly construed, deprives them of due process by being fundamentally unfair.
Therefore, the petition is granted, the order of the trial court denying the motion for protective order is quashed, and we certify the following question to the supreme court as one of great public importance:
DOES SECTION 455.241, FLORIDA STATUTES, ENTITLE AN EXAMINED PARTY UNFETTERED EX PARTE ACCESS TO AN INDEPENDENT MEDICAL EXAMINER WHO HAS EXAMINED THE PARTY PURSUANT TO RULE 1.360? DOES THE STATUTE PRECLUDE THE ADVERSE PARTY REQUESTING THE EXAMINATION FROM CONFERENCE WITH THE EXAMINING PHYSICIAN OTHER THAN BY FORMAL DEPOSITION OR TRIAL? IF SO, IS THE STATUTE UNCONSTITUTIONAL AS IMPINGING UPON THE RULEMAKING AUTHORITY OF THE SUPREME COURT OR AS DEPRIVING THE ADVERSE PARTY OF DUE PROCESS?
LETTS and DELL, JJ., concur.