610 So.2d 494 (1992)
ADELMAN STEEL CORP. and Claims Center, Petitioners,
v.
Ken WINTER and Division of Workers' Compensation, Respondents.
GREATER HOLLYWOOD YMCA and Claims Center, Petitioners,
v.
Heather McGEE and Division of Workers' Compensation, Respondents.
Eddie SANCHEZ, Petitioner,
v.
FLORIDA PATROL INVESTIGATOR, INC. and Claims Center, Respondents.
Nos. 91-2306, 91-2773 and 91-2713.
District Court of Appeal of Florida, First District.
November 13, 1992.
On Motion for Rehearing December 31, 1992.
*496 Thomas S. Eustis, H. George Kagan, Paul A. Herman, and Sean J. Gallagher of Miller, Kagan & Chait, P.A., Deerfield Beach, for petitioners Adelman Steel Corp., Greater Hollywood YMCA, and Claims Center.
Jerold Feuer, Miami, and R. Cory Schnepper of Levine, Busch, Schnepper & Stein, P.A., Miami, for petitioner Eddie Sanchez.
Charles E. Bloom of Bloom, Feola & Bloom, Miami, for respondent Ken Winter.
Paul S. Rosenberg of the Law Office of Abe Rosenberg, Hollywood, Attorney for respondent Heather McGee.
Sean J. Gallagher of Miller, Kagan & Chait, P.A., Deerfield Beach, for respondents Florida Patrol Investigator, Inc., and Claims Center.
ZEHMER, Judge.
By separate petitions for common law writs of certiorari filed under Florida Rule of Appellate Procedure 9.100(c), petitioners seek review of discovery orders entered in three different pending workers' compensation proceedings. In general, the orders either: (1) prohibit the employers, their servicing agent, Claims Center, and their authorized representatives (including attorneys) from having ex parte communications with the claimants' medical providers regarding the claimants' medical care, treatment, or condition without first notifying the claimants' attorneys and affording such attorneys an opportunity to be present during such conversations; (2) prohibit the claimants' attorneys from engaging in similar ex parte communications with respect to medical providers; or (3) prohibit both parties from engaging in such communications. The issues presented require us to decide whether or under what circumstances, in pending workers' compensation proceedings, the attorneys and representatives of the employer and carrier/servicing agent, as well as the claimant's attorney, may discuss a claimant's medical condition with a treating or examining physician, or other medical care provider, without providing prior notice and an opportunity to the opposing attorney to be present at any such discussion. In view of the similarity of issues presented in each case, the three petitions and the responses have been consolidated for purposes of disposition in a single opinion.
To obtain relief by certiorari, the petitioner must demonstrate that the order being challenged (1) constitutes a departure from the essential requirements of law, (2) will cause the petitioner material harm, and (3) cannot be adequately remedied by appeal. Butler Construction v. Walker, 524 So.2d 691, 692-93 (Fla. 1st DCA 1988). Common law certiorari is an appropriate remedy for reviewing discovery orders in workers' compensation cases and will ordinarily be granted when the order constitutes a departure from the essential requirements of law. Perez v. Eastern Airlines, 569 So.2d 1290 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 1307 (Fla. 1991). See also West v. Branham, 576 So.2d 381 (Fla. 4th DCA), rev. dismissed, 583 So.2d 1034 (Fla. 1991); Franklin v. Nationwide Mutual Life Ins. Co., 566 So.2d 529 (Fla. 1st DCA), rev. dismissed, 574 So.2d 142 (Fla. *497 1990).[1] We deny the petitions for certiorari in cases number 91-2306 and 91-2773, and we grant the petition for certiorari and quash the order in case number 91-2713.

I.
The issues presented are governed by the interrelated provisions in sections 455.241 and 440.13, Florida Statutes. Section 455.241 establishes, as a matter of public policy, the confidentiality of a patient's medical records, reports, and information given by that person in connection with medical treatment or examination, and prohibits the disclosure thereof by the health care practitioner or entity providing such services other than as provided therein. Subsection 440.13(2) provides for limited disclosure of medical information in workers' compensation matters under specifically defined exceptions to the restrictions set forth in section 455.241, and thereby facilitates the self-executing concept for providing benefits under the Workers' Compensation Law. These statutory disclosure provisions relate to matters that do not alter or amend the parties' vested substantive rights, so we construe and apply the language of the statutes as it appears in the 1991 Florida Statutes. Parenthetically, however, we note that the language of the 1991 statutes is not significantly different from that in the 1989 Florida Statutes and the 1990 supplement thereto.

A.
Section 455.241 limits disclosure of a person's medical records and information as expressly delineated therein. Subsection 455.241(1) requires that any licensed
health care practitioner ... who makes a physical or mental examination of, or administers treatment to, any person shall, upon request of such person or his legal representative, furnish, in a timely manner, without delays for legal review, copies of all reports and records relating to such examination or treatment, including X rays and insurance information (emphasis added),
with certain exceptions relating to psychotherapeutic records not involved in these cases. Subsection 455.241(2) reads in pertinent part:
(2) Except as otherwise provided in s. 440.13(2), such records may not be furnished to, and the medical condition of the patient may not be discussed with, any person other than the patient or his legal representative or other health care providers involved in the care or treatment of the patient, except upon written authorization of the patient. However, such records may be furnished without written authorization to any person, firm, or corporation which has procured or furnished such examination or treatment with the patient's consent or when compulsory physical examination is made pursuant to Rule 1.360, Florida Rules of Civil Procedure, in which case copies of the medical records shall be furnished to both the defendant and the plaintiff. Such records may be furnished in any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or his legal representative by the party seeking such records. Except in a medical negligence action when a health care provider is or reasonably expects to be named as a defendant, information disclosed to a health care practitioner by a patient in the course of the care and treatment of such patient is confidential and may be disclosed only to other health care providers involved in the care or treatment of the patient, or if permitted by written authorization from the patient or compelled *498 by subpoena at a deposition, evidentiary hearing, or trial for which proper notice has been given. ...
(Emphasis added.)
The plain language of section 455.241 means that:
(1) as a matter of public policy, copies of records created by a defined health care practitioner incident to the examination or treatment of a patient must be provided to that patient or his legal representative upon request;
(2) such health care practitioners are prohibited from furnishing the records defined in subsection 455.241(1) and discussing the medical condition of a patient, with any person other than the patient or his legal representative, or other health care providers involved in the care or treatment of the patient, without the patient's written authorization;
(3) copies of such records can be furnished without the patient's written authorization to any person, firm, or corporation that procured or furnished such examination or treatment with the patient's consent, or when a compulsory examination is made pursuant to rule 1.360;
(4) such records can be furnished to a party in any civil or criminal action upon issuance of a subpoena from a court after proper notice is given to the patient or his legal representative; and,
(5) all information disclosed to a health care practitioner by a patient is confidential (except in a medical negligence action against the practitioner), and disclosure of such information is permitted only (a) to other health care providers involved in the care and treatment of the patient, or (b) if permitted by written authorization from the patient, or (c) if compelled by a subpoena at deposition, evidentiary hearing, or trial and proper notice has been given.
The evident intent of these provisions may be distilled down to this: disclosure of the described medical records and information to a person or entity other than the patient, his legal representative, or a health care practitioner providing care and treatment to the patient must be predicated either on the patient's consent (including consent to treatment provided by others) or appropriate compulsion pursuant to a court rule, subpoena, or order.
In Franklin v. Nationwide Mutual Life Ins. Co., 566 So.2d 529 (Fla. 1st DCA), rev. dismissed, 574 So.2d 142 (Fla. 1990), we held that a trial court was not authorized by section 455.241 to direct the plaintiff in a personal injury action to execute and deliver to the defendant a medical authorization form allowing defense counsel to engage in ex parte communications with the plaintiff's treating physicians for the purpose of discussing the plaintiff's medical condition. The order was entered in a civil action brought by the plaintiffs (husband and wife) against their insurer for damages resulting from an automobile accident. The insurer filed a "motion for permission to speak with plaintiff's treating and previously treating physicians," specifically "to discuss their possible testimony with them prior to any scheduled deposition in this matter." The insurer argued that the injured plaintiff had waived any statutory or other privileges that may have prohibited such conversation by filing the lawsuit and thereby placing his physical condition in controversy. The insurer further argued that such waiver had occurred because the plaintiff had been examined by an examining physician pursuant to rule 1.360(b)(2) and the plaintiff's attorneys had requested and obtained copies of that physician's report. The plaintiffs objected to the motion, relying on the plain language of section 455.241 as amended in 1988. The trial court directed the injured plaintiff to execute the medical authorization form attached to the order. That form authorized opposing counsel to have discussions with the plaintiff's physicians concerning his medical records and medical conditions and to obtain from them "opinions concerning any of these matters." We granted the plaintiffs' petition for writ of certiorari and quashed the trial court order, stating that:
petitioner has a statutory right under section 455.241 to maintain the confidentiality of medical information pertaining to him that is in the possession of medical *499 care providers, and discovery of such information cannot be compelled through the expedient of ordering petitioner's execution and delivery of a medical authorization to the respondent or its counsel. Nor does the fact that a medical report of a court-appointed medical examiner has been requested by the petitioner pursuant to rule 1.360 provide a basis for the court to order the execution and delivery of such an authorization.
Id. at 535.
In reaching this conclusion in Franklin, we relied upon our decision in a workers' compensation case, Pic N' Save v. Singleton, 551 So.2d 1244 (Fla. 1st DCA 1989), which had upheld the denial of a motion to compel the claimant to authorize oral communications between the claimant's physicians and the carrier's representative. We explained that the reference to "proper notice" in section 455.421(2) was unquestionably included to preclude the type of unilateral, ex parte interrogation of the plaintiff's physicians by defense counsel that was permitted by the trial court's order, and that while informal ex parte communications with the physician may be more expedient, that is no reason why the discovery procedures provided by the statute and the Florida Rules of Civil Procedure should not be followed. Citing Weaver v. Mann, 90 F.R.D. 443 (D.N.D. 1981), we noted that rule 35, Federal Rules of Civil Procedure, after which Florida rule 1.360 is patterned, does not authorize a defense counsel to privately contact an injured plaintiff's doctors for the reason that the rules provide other means by which discovery of these physicians may be obtained. We quoted the federal court's observation that "`it appears that the practice of engaging in private conversations with plaintiff's physicians ... could lead to discouraging such physicians from testifying.'" 566 So.2d at 534.
The Franklin case construed and applied section 455.241 to prohibit disclosure of medical information by the plaintiff's treating or examining physicians by compelling the plaintiff to execute a blanket medical authorization that permitted the physician to have ex parte discussions with the plaintiff's opposing counsel. The obvious import of the decision is that, unless the plaintiff voluntarily consents, section 455.241 precludes a defense counsel from having any ex parte discussions with the plaintiff's treating or examining physicians, and that defense counsel must seek discovery of such physician's testimony in the manner provided in the rules of procedure governing discovery.
Section 455.241 does not mandate the same result, however, in the case of an examining physician employed by the defense to perform an examination pursuant to rule 1.360. In West v. Branham, 576 So.2d 381, a personal injury case, defense counsel sought a protective order upon learning that the plaintiffs' counsel was arranging ex parte pre-deposition conferences with physicians who had examined the injured plaintiff at the request of the defense pursuant to rule 1.360. On the authority of section 455.241 and our Franklin decision, the trial court ordered that the plaintiffs' counsel was entitled to arrange such ex parte communications with the independent medical examiner; but the court went further and prohibited the defendant's counsel from having any communication with these examining physicians other than by deposition, notwithstanding that no treatment of the plaintiff was involved and that the examination was for trial purposes only. The Fourth District granted the defendants' petition for writ of certiorari and quashed that order, noting that "it is the practice of defense counsel in this state to treat the independent examining physician as a defense witness in preparation for trial." Id. at 383. The court construed the statutory intent of section 455.241 thusly:
Patently, the purpose of the statute is to preserve a patient's right to confidentiality with respect to information disclosed to a health care provider in the course of the care and treatment of a patient and to limit the conditions under which such information may be disclosed to others. This includes closing the door to the previous practice of many defense attorneys of meeting privately or otherwise *500 communicating ex parte with the plaintiff's treating physicians.
* * * * * *
We are satisfied upon our review of the statute that its terms do not mandate that a physician, after performing an examination pursuant to rule 1.360 at the request of the defense, be precluded from conferring with defense counsel, provided that the examined party is not otherwise being treated by the examining doctor. In our judgment, the statute is intended to protect individuals in their capacity as patients and was not intended to control examinations performed at the request of the opposing party for the sole purpose of obtaining evidence. Nor do we construe the statute as granting counsel for the examined party any special entitlement to ex parte interviews with the IME. We consider the statutory reference to rule 1.360, although ambiguously worded, as intended to exempt that process from the mandate of the statute... .
We note, as argued by petitioners, that the statute specifically uses the word "patient" in reference to the examined party. Neither the statute nor any Florida decisions define the word "patient." Generally a party who is examined by an independent medical examiner employed by the adverse party for the sole purpose of determining whether physical factors are present that may confirm or rebut those that are asserted by the examined party would not be considered a "patient" of the examining physician. Nor can we discern any reason why an examined party would anticipate that such an examination would be confidential vis-a-vis the attorney requesting the examination.
Our record on this petition includes a portion of the senate staff comments. From this limited record it would appear that the wording of the statute, insofar as our issues are concerned, was intended to prevent the practice of defense counsel discussing a patient's condition with the patient's treating physician. We see nothing in the analysis furnished to us indicating an intent to restrict communication between the defense and its retained medical expert. Certainly, if the legislature had intended that trial courts would enter orders granting plaintiff's [sic] protection from communication between the defense and a witness it is calling as an expert, it could have said so in a much more clear and explicit manner.
We conclude that the legislature did not intend by section 455.241(2) to permit free and unfettered ex parte access by the examined party's counsel to the independent medical examiner while at the same time depriving counsel for the party requesting the examination not only of access to the examined party's treating physicians but also of access to the examining physician retained by that requesting party. We also note that, by its order broadly interpreting the statute, no protection is afforded to defense counsel to the extent that the examining doctor's records may contain work product of the requesting party.
Id. at 383-84.
West holds that where a non-treating, examining physician is employed by the defense to assist in the defense of the case, a physician-patient relationship does not exist and section 455.241 does not apply. Accordingly, ex parte communications between an examining physician pursuant to an order under rule 1.360 and the requesting attorney are not proscribed by section 455.241; nor does that section authorize the plaintiff's counsel to so communicate with the defense's examining physician. We agree that the court in West properly distinguished our decision in Franklin for the reason that Franklin involved an order compelling the plaintiff to authorize ex parte communications with the plaintiff's own physicians. Furthermore, we see no reason why the principles of West should not apply with equal force in the workers' compensation context.
To summarize, section 455.241 makes confidential and protects a patient's records and other medical information from disclosure by the patient's health care practitioner; *501 however, this protection does not extend to physicians examining that person at the request of opposing counsel pursuant to court rule or statute. Disclosure of medical reports and records to persons other than the patient or his representative is permitted only when (1) the patient voluntarily consents thereto, (2) the medical examination or treatment was procured or furnished by the requesting party with the patient's consent, (3) such disclosure is sought by an authorized court subpoena with appropriate notice, or (4) disclosure is otherwise provided for in section 440.13(2)(c). We now discuss this last exception.

B.
Section 455.241 explicitly limits disclosure of a person's medical records and information in all contexts, including workers' compensation proceedings, "except as otherwise provided in s. 440.13(2)(c)."[2] This latter phrase, being an exception to a general rule, must be strictly construed, e.g., Samara Development Corp. v. Marlow, 556 So.2d 1097, 1100 (Fla. 1990), in determining when it suspends or supersedes the provisions of section 455.241 in workers' compensation cases.
Section 440.13(2)(f) provides in pertinent part:
(f) Notwithstanding the limitations in s. 455.241 and subject to the limitations in s. 381.004, upon request of the employer, the carrier, the attorney for either of them, or the rehabilitation provider, the medical records of an injured employee shall be furnished to such persons and the medical condition of the injured employee shall be discussed with such persons, provided the records and discussions are restricted to conditions relating to the workplace injury or to situations where the employer or carrier has reason to believe that there is a probable basis for filing a claim against the Special Disability Trust Fund as a result of such injury and the employee or his attorney has been furnished a copy of such claim. Medical records so provided or discussions held pursuant to this paragraph, and any information contained therein, are confidential and exempt from the provisions of s. 119.07(1), and shall not be disclosed to any other person, nor shall the same be discoverable in any civil or criminal action. This exemption is subject to the Open Government Sunset Review Act in accordance with s. 119.14.
(Emphasis added.)
This language evidences legislative intent to recognize the confidentiality of the injured employee's medical records and information in the workers' compensation context while authorizing a health care practitioner, "upon the request of the employer, the carrier [or servicing agent], the attorney for either of them, or the rehabilitation provider," (1) to furnish "the medical records of an injured employee" and (2) to discuss "the medical condition of the injured employee" with such persons. The disclosures so authorized "are restricted to conditions relating to the workplace injury or to situations where the employer or carrier has reason to believe there is a probable basis for filing a claim against the Special Disability Trust Fund as a result of such injury and the employee or his attorney has been furnished a copy of such claim." (Emphasis added.) The emphasized language refers to records and information pertaining only to the employee's medical condition causally related to the workplace injury.
No provision in section 440.13 or any other section of chapter 440 indicates that "discussions" by the employer and carrier's attorney or rehabilitation provider, as stated in subsection 440.13(2)(f), may be held ex parte without first giving notice and affording counsel for the opposing party an opportunity to be present at such discussions. Perez v. Eastern Airlines, 569 So.2d 1290 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 1307 (Fla. 1991). In Perez *502 this court addressed whether subsection 440.13(2)(c), Florida Statutes (1989), which contains substantially the same language as the present subsection 440.13(2)(f), authorizes an employer and carrier's attorney to have ex parte communications with a claimant's treating physician in respect to medical information relating to the employee's injury. In Perez, the claimant filed a claim for benefits and the employer disputed any causal connection between the claimant's back injury and his preexisting diabetic condition claimed to have been aggravated by the accident. The employer received medical reports on the claimant's condition from the claimant's doctors, and was advised that the claimant's attorney had no objection to a deposition or a conference with the claimant's treating internist, provided the claimant's attorney could be present. Nevertheless, the employer attempted to have a private discussion with the claimant's internist and relied on subsection 440.13(2)(c), Florida Statutes (1989), as authority to do so. When the claimant's attorney objected to such ex parte communication as a violation of subsection 455.241(2), Florida Statutes (1989), the employer brought the issue before the judge of compensation claims. The judge ruled that section 440.13(2)(c) provided authority for the employer to conduct ex parte communications with the claimant's physician. The claimant thereupon filed a petition for writ of certiorari. We granted the writ and quashed the order, holding that "under the facts of this case, the judge's order allowing ex parte communications to take place between Eastern's counsel and Perez's physician was a departure from the essential requirements of law." Id. at 1291. Acknowledging that the judge had correctly recognized that section 440.13(2)(c) is an exception to the confidentiality constraints of section 455.241 and allows the employer to discuss the claimant's medical condition with the claimant's physician, we explained:

However, nothing in Section 440.13(2)(c) requires that such discussion be had in the absence of Perez's counsel. Perez has not prevented Eastern from obtaining the information discussed in the statute; he merely objects to ex parte communications and seeks to have his attorney present during discussions between Eastern and his physician. This is entirely consistent with the clear language of the statute, and Eastern has failed to demonstrate how the statute accords it the greater right of communicating with the physician in an ex parte manner.
Id. at 1291. (Emphasis added.)
It has been argued by the employers and servicing agents in the cases before us that the record in Perez reveals the internist had not been authorized by the employer and carrier, and thus the Perez opinion should not be read as prohibiting ex parte discussions by the employer and carrier's representatives with authorized physicians. We reject this interpretation of the Perez opinion because it is contrary to the basic rules governing analysis of an opinion to determine its controlling principles. It matters not whether the record in Perez shows that the internist was unauthorized because that fact was not set forth in the opinion as a material basis for the court's decision; and for us to treat that fact as a material distinction in this opinion would amount to our rewriting the Perez opinion. As stated in Adams v. Aetna Cas. & Sur. Co., 574 So.2d 1142 (Fla. 1st DCA), rev. dismissed, 581 So.2d 1307 (Fla. 1991):
The holding or ratio decidendi of a decision is appropriately defined as the outcome of the case on the precise points discussed in the opinion stated in terms of the facts found to be material to the court's decision. All other statements in the opinion, even though necessary to explain the reasoning or rationale by which the court reached its result are obiter dictum and are not considered controlling precedent under the doctrine of stare decisis. See Goodhart, "Determining the Ratio Decidendi Of A Case," 40 Yale L.J. 161 (1930); Cohen, How to Find the Law, pp. 7-11 (West Pub. Co. 1976). Thus, it is clearly appropriate to determine the holding of a decision by reference to the salient facts discussed in the analysis but ignored in the court's justification of its result. Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114, *503 1117 (Fla. 1984) ("the issue which the court posed for itself was hypothetical and its answer dicta. However, its decision was correct ...").
574 So.2d at 1153 n. 10.
It is impermissible, therefore, to go behind the facts stated in an opinion to find a basis for distinguishing or limiting its intended holding. As Professor Goodhart has stated in his classic law review article on this subject cited in the above quote, "The first and most essential step in the determination of the principle of a case is, therefore, to ascertain the material facts on which the judge has based his conclusion." 40 Yale L.J. at 169. Explaining the rules for determining which facts are material, the article observes, "If there is an opinion which gives the facts, the first point to notice is that we cannot go behind the opinion to show that the facts appear to be different in the record." Id. at 170 (emphasis added). The article elaborates on the importance of confining the case analysis to the material facts perceived by the authoring judge as discerned from the judge's discussion of the facts in the opinion, and concludes that while many recited facts may be immaterial, all unrecited facts are immaterial to the decision.[3]
We have confirmed that the record in Perez does in fact reveal that the internist there involved was unauthorized and that this fact was argued to this court, so it cannot be assumed that this fact was overlooked. However, the court's opinion does not mention that the claimant's internist was unauthorized in reaching a decision, thereby clearly indicating that this fact, i.e., whether the physician was authorized or not, was deliberately held to be immaterial to the court's decision in that case. Hence, that decision must be read as holding that while section 440.13(2)(f) authorizes discussions with the claimant's treating physician, it does not authorize ex parte discussions by the employer and carrier's attorney with a claimant's treating physician, regardless of whether that physician was authorized.

C.
Reading subsections 455.241 and 440.13(2)(f) in pari materia, as construed and applied in the cited decisions, we discern the following principles for application in workers' compensation cases in respect to disclosure of medical information by health care providers.
First, any analysis of permissible disclosure must commence with the general *504 premise that section 455.241 prohibits disclosure of medical information by a health care provider other than in the manner and scope authorized therein, and that additional limited disclosure may occur in workers' compensation cases only as authorized by section 440.13(2)(f).
Second, an injured employee and the employee's attorney are authorized to obtain medical information from any health care practitioner providing care and treatment to that employee, whether or not the health care provider has been authorized by the employer and carrier. This information may be obtained through copies of medical records and reports, and through ex parte discussions with the practitioner without notice to and the presence of counsel for the employer and carrier. This conclusion is based on the express provisions in subsection 455.241(2) that such records "may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient or his legal representative" (emphasis added), and is also explicitly required in part by subsection 440.13(2)(e).
Third, a licensed "health care practitioner" who has been authorized by an employer or carrier, has been accepted by the employee, and has provided the injured employee medical care and treatment for such injury is authorized to provide medical records and reports on the employee's medical condition that relate to the workplace injury upon request of the employer and carrier/servicing agent's attorney or representative. Such health care practitioner also is authorized to hold ex parte discussions about this medical information with such attorney or representative so long as the employee has not filed a claim for workers' compensation benefits pursuant to section 440.19. The self-executing concept of the Workers' Compensation Act, which commences when the employer is given notice of injury, can work efficiently and effectively only if the employer and carrier/servicing agent have reasonably unfettered access to the medical information necessary to determine the nature and extent of medical services and other benefits they are required to provide under the act. During this stage of the process, the employee and the employer/carrier/servicing agent must cooperate in the exchange of information necessary to satisfy the latter's obligation to investigate the accident and voluntarily provide the statutory benefits due the employee without the employee having to file a formal claim. Indeed, this is the way that the overwhelming majority of employee injuries are handled, and were this not so the workers' compensation system would be grossly overburdened and become ineffectual. Prior to filing a claim, therefore, we deem that no adversarial relationship exists between the employee and the employer and its representatives, and there is no apparent reason to prevent such ex parte discussions. Since a claim had been filed when the issue arose in the Perez case, that decision is consistent with this principle.
Fourth, in recognition of the fact that not all injuries can be cooperatively processed without a claim, after the claimant has filed a claim for benefits pursuant to section 440.19, we deem that an adversarial relationship exists, and discussions of a claimant's medical condition between an attorney or representative of the employer/carrier/servicing agent and the health care practitioner will be permissible only with the consent of the claimant or claimant's attorney, or after the latter have been provided with notice and an opportunity to be present at such discussion. This conclusion is required by the language of section 440.13(2)(f) as construed and applied in Perez. Once the employer/carrier/servicing agent fails or refuses to voluntarily provide benefits to an employee claiming to have sustained an injury at work and the employee files a formal claim for benefits, obviously the parties are in a true adversarial relationship similar in nature to that of parties to civil litigation in court. At this point, the concerns expressed in Perez and West v. Branham about attorneys having ex parte conferences with the opposing party's medical witnesses come into play. Assurance that discussions of the injured employee's medical *505 condition will be "restricted" to the workplace injury as required by the statute cannot be effectively enforced if such discussions are ex parte. Of course, the employer and carrier remain entitled to request and receive written reports of injury and treatment required by subsection 440.13(2)(d) to be made on forms prescribed by the Division.
Fifth, a physician performing an independent medical examination (IME) in workers' compensation cases pursuant to subsection 440.13(2)(b) is essentially an expert witness for the party requesting the examination. For this reason, such physician is precluded from providing care and treatment unless both sides agree or unless an emergency exists. Ordinarily, when medical care and treatment have been previously authorized, independent medical examinations do not become necessary until the injured employee and the employer/carrier/servicing agent dispute the employee's current medical condition and the continuing need for or the appropriateness of previously authorized medical care and treatment. When resort to an IME is necessary by either party, the parties' relationship is clearly adversarial, and a physician performing an IME should be treated as the requesting party's expert witness in accordance with the Fourth District's construction of section 455.241 in West v. Branham. Accordingly, counsel for the requesting party is authorized to confer freely with the physician as his own witness; the opposing party's attorney is permitted to discover information from this physician only as provided in the statutes or rules governing discovery, and is precluded from engaging in any ex parte discussions with such witness unless consented to by counsel for the requesting party.

II.
We now apply the foregoing principles to the facts in each of the cases under review.

Adelman Steel (No. 91-2306)
Respondent, Ken Winter, in connection with his pending workers' compensation claim, filed an emergency motion for protective order to prohibit the petitioning employer, Adelman Steel Corporation, and servicing agent, Claims Center, from communicating ex parte with any of his authorized treating physicians regarding his medical care, relying on Perez v. Eastern Airlines, 569 So.2d 1290. After a hearing on the motion, the judge of compensation claims ordered that:
1. The employer/servicing agent representatives and attorneys shall not have any ex-parte communications with any of the claimant's medical providers regarding the medical care, treatment or condition of the claimant without first notifying the claimant's attorney and affording him the opportunity to be present during any intended conversations.
2. The claimant's attorney shall not have any ex-parte communications with any of the claimant's medical providers regarding the medical care, treatment or condition of the claimant without first notifying the attorney for the employer/servicing agent, and affording him the opportunity to be present during any intended conversations.
3. The employer/servicing agent representatives are permitted to contact the office of any of the claimant's medical providers, and if necessary the physicians themselves, solely for the purpose of obtaining information needed in order to conform with the self-executing aspects of Florida Statute 440 et seq. This can be accomplished by either telephonic or written contact requesting written reports or interim reports, or updates on the medical status of the claimant or other relevant information concerning reports of bills of that medical provider. This is not intended to provide the employer/servicing agent access to the physician for information contemplated in paragraphs one and two of this order.
The employer and servicing agent petition for certiorari to quash the provisions of the order prohibiting the employer and servicing agent's representatives and attorneys from having any ex parte communication with authorized health care providers without making prior arrangement for claimant's counsel to be present. Nothing *506 in the self-executing concept of section 440.13, and particularly subsection 440.13(2)(c), Florida Statutes (1989) [now § 440.13(2)(d)-(f), Fla. Stat. (1991)], authorizes or requires their communications with authorized physicians to be conditioned on notice to opposing counsel, Petitioners argue, and logic dictates that if in a civil action defense counsel can communicate ex parte with a physician who performed an independent medical examination at the expense of the defense, the same right should obtain in respect to all authorized physicians whose bills are being paid by the employer in a workers' compensation case, citing West v. Branham, 576 So.2d 381. They argue that this court's decision in Perez involved only an unauthorized physician and by its terms was limited to its unique facts, and that the Perez decision was applied overbroadly by the judge in a manner that seriously interferes with the ability of the employer and servicing agent to carry out their self-executing duties under the workers' compensation statute to timely provide needed medical and other benefits to injured workers.
We hold that the order in this case does not depart from the essential requirements of law in the respects argued by Petitioners. The first paragraph correctly precludes the employer and servicing agent and their attorneys from having any ex parte communications with health care practitioners who have provided medical care and treatment to the claimant for the work-related injury; it is consistent with our Perez decision and the governing principles discussed above. Any undue interference with the employer's or servicing agent's ability to carry out their self-executing functions under the workers' compensation law is amply avoided by the provisions in paragraph three of the order allowing them to request and obtain written medical reports. Of course, the claimant or his attorney should be furnished copies of any such reports sent to Petitioners.
The petition for certiorari in this case is DENIED.

Sanchez (No. 91-2713)
Upon employing his attorney to file his claim for workers' compensation benefits, Petitioner Sanchez signed a document, titled "Authorization for Medical Records, Reports and Bills," that authorized his medical providers to give his attorney and legal representatives medical information regarding his condition or treatment as well as copies of medical reports upon their request. The authorization also recites, "All prior authorizations are hereby cancelled, except medical and/or no fault authorizations." The claim was filed by his attorney, and it was denied in its entirety by the employer, Florida Patrol Investigator, and Claims Center, its servicing agent. Claimant's attorney filed an objection to any ex parte communications with Claimant's physicians by the employer and servicing agent's representatives and attorneys. When Claimant's attorney attempted to engage in ex parte conversations with Claimant's own physicians pursuant to Claimant's authorization, the employer and servicing agent's attorneys filed an objection thereto and requested that they be notified and given an opportunity to be present at such conferences. To enforce their objection, Respondents filed a motion for clarification averring that Claimant's attorney had filed an objection to ex parte communications by Respondents' attorneys with all physicians unless prior written disclosure is made to Claimant's attorney. Respondents requested that the judge likewise order Claimant's attorney not to have any ex parte communications with any physician who had examined or treated Claimant.
After a hearing on this motion, the judge's order recited the following:
3. As for the employer/servicing agent's motion for clarification, both parties have filed objections to ex parte communications with any physicians who have treated the claimant. To resolve this dispute, I find that the employer/servicing agent's representatives and attorneys shall not have any ex parte communications with any of the claimant's medical providers regarding the medical care, *507 treatment, or condition of the claimant without first providing reasonable notice to the claimant's attorney and affording him the opportunity to be present during any intended conversations.
4. Similarly, I find that the claimant's attorney shall not have any ex parte communications with any of the claimant's medical providers regarding the medical care, treatment, or condition of the claimant without first giving reasonable notice to the attorney for the employer/servicing agent, and affording him the opportunity to be present during any intended conversations.
5. The employer/servicing agent's representatives are permitted to contact physicians to obtain information they need to execute the law in the manner for which the Statute provides. This can be by requesting a report in writing, and by telephoning the medical provider to ask for a report or an updated report on the claimant's condition.
Claimant's petition seeks to quash the provisions in paragraph 4 of this order, urging that these conditions violate subsections 455.241(2) and 440.13(2) and our decisions in Perez and Pic N' Save v. Singleton. Petitioner contends that the order departs from the essential requirements of law because the limiting condition requiring that the attorney for the employer and carrier may be present during conversations between Claimant's attorney and Claimant's treating physicians is neither required by Perez nor section 440.13(2)(c) [now 440.13(2)(d)-(f)]. Petitioner also argues that the application of this exception to the confidentiality rule so as to allow defense counsel or anyone else, other than Claimant's counsel, to be present during these discussions constitutes an invasion of the very right to privacy that section 455.241(2) seeks to protect, and amounts to a compelled waiver of the attorney-client privilege pertaining to such conversations and waiver of the physician-patient privilege regarding matters that have nothing to do with the industrial accident.
We agree with Petitioner that the provisions of paragraph 4 constitute a departure from the essential requirements of law for the reasons discussed above. This provision precludes Petitioner's attorney from communicating with the claimant's physicians unless the employer and servicing agent's attorneys are notified and allowed to be present. This restriction is contrary to the spirit and intent of sections 455.241(2) and 440.13(2) to permit free disclosure and communication of medical information by the physician to the treated person and that person's attorney. Nothing in the statutory or case law authorizes the judge of compensation claims to impose this limitation on a claimant's counsel. In view of this holding, we do not consider Petitioner's arguments concerning waiver of privileges.
The petition for certiorari in this case is GRANTED and the provisions in paragraph 4 of the order are QUASHED.

Greater Hollywood (No. 91-2773)
Heather McGee, the claimant in a workers' compensation proceeding pending before the judge of compensation claims, filed a "Notice of Objections to Ex-parte Conferences," averring that neither the employer, Greater Hollywood YMCA, and the servicing agent, Claims Center, nor their agents, rehabilitation providers, or attorneys, should engage in any ex parte communication with McGee or her examining or treating physicians, without the specific consent and permission of McGee's attorney, citing as authority the Perez decision and McGee's constitutional right to privacy. The employer and Claims Center thereafter filed an amended motion to quash Claimant's notice of objections. The motion incorporated a letter from a supervisor in the claims monitoring section of the Division of Workers' Compensation addressed to a claims representative of American States Insurance. Setting forth the Division's policy regarding such ex parte communications, that letter recited in pertinent part:
The case that you cited Perez v. Eastern Airlines involved ex-parte communication between Eastern counsel and Perez's physician. This is a departure from the requirements of the law. However, pursuant to both Section 440.13(e) [sic], F.S. *508 and Section 455.241(3) F.S. the employer/carrier are entitled to the medical records and may have discussions with the claimant's treating physician so long as the discussions are limited to claimant's work related injury. The employer/carrier may not have their attorney contact the treating physicians without the consent of the claimant. In addition, Division Rule 38F-3.0055 gives the carrier the right and obligation to maintain direct contact with a claimant, notwithstanding attorney representation.
After a hearing on the motion, the judge ordered that:
[T]he Employer/Carrier's Amendment to the Motion to Quash the Notice of Objections be and the same is hereby denied with regards to ex parte communications between anyone on behalf of the employer/carrier, attorney and rehabilitation provider and treating physicians and providers as defined by F.S. § 455.241(2). It is agreed that communications pursuant to F.S. 440.13(2)(c) do not apply to IME Physicians.
The petition for certiorari filed by Greater Hollywood and Claims Center seeks to quash the order insofar as it prohibits their representatives and attorneys from having any ex parte communication with authorized health care providers, other than IME physicians, arguing that this provision constitutes a departure from the essential requirements of the law. Their arguments are similar to those made in Adelman Steel, case no. 91-2306. In addition to urging a narrow construction and application of our decision in Perez, these Petitioners also cite West v. Branham as compelling the right of the employer and servicing agent to have ex parte contact with the health care providers whose bills are paid by the employer.
As in the Adelman Steel case, we reject these contentions because the order comports with the applicable principles previously expressed. We hold that the order does not depart from the essential requirements of the law. The petition for certiorari in this case is DENIED.
MINER and WEBSTER, JJ., concur.

ON MOTION FOR REHEARING
ZEHMER, J.
The employers and servicing agent in each of these cases have filed a consolidated motion for clarification in respect to our consolidated opinion in these cases. The motion expresses a number of concerns and potential problems concerning compliance with the pronouncements in that opinion. Our opinion discussed those matters we believed relevant and necessary to resolve the particular issues presented based on the specific rulings by the judges of compensation claims in each case. We acknowledge that other problems may arise in respect to communications between medical care providers and representatives of the employer or carrier, or representatives of the claimant, but we cannot anticipate and deal abstractly with such problems in a single opinion. If the described problems do arise, they must be determined by the judge of compensation claims and then reviewed by this court as they arise in a particular case. It would seem to us, however, that most if not all problems regarding such communication should be handled by the parties on a practical basis in good faith. At least in those situations where the parties are represented by attorneys, adherence to the professional obligations governing attorneys' conduct in litigated matters should result in a good faith resolution of such disputes without the involvement of the judge of compensation claims or this court.
For these reasons, the motion for clarification is DENIED.
MINER and WEBSTER, JJ., concur.
NOTES
[1] Rule 4.160(b)(5), Florida Workers' Compensation Rules of Procedure, was amended effective May 14, 1992, to authorize appellate review of a nonfinal order that adjudicates "[d]iscovery matters when it appears the judge's order will cause a party irreparable harm and there is no adequate remedy at law to rectify such harm." While review of the orders before us would be appropriate under that rule, we have elected to accord review by certiorari because the case was perfected under rule 9.100(c), Florida Rules of Appellate Procedure, prior to the effective date of rule 4.160(b)(5).
[2] This reference is to subsection 440.13(2)(c), Florida Statutes (1989). The relevant provisions in that subsection have been moved to subsection 440.13(2)(f), Florida Statutes (1991), and we refer to the latter citation hereafter in this opinion.
[3] Goodhart explained:

The judge founds his conclusions upon a group of facts selected by him as material from among a larger mass of facts, some of which might seem significant to a layman, but which, to a lawyer, are irrelevant. The judge, therefore, reaches a conclusion upon the facts as he sees them. It is on these facts that he bases his judgment, and not on any others. It follows that our task in analyzing a case is not to state the facts and the conclusion, but to state the material facts as seen by the judge and his conclusion based on them. It is by his choice of the material facts that the judge creates law. A congeries of facts is presented to him; he chooses those which he considers material and rejects those which are immaterial, and then bases his conclusion upon the material ones. To ignore his choice is to miss the whole point of the case. Our system of precedent becomes meaningless if we say that we will accept his conclusion but not his view of the facts. His conclusion is based on the material facts as he sees them, and we cannot add or subtract from them by proving that other facts existed in the case. It is, therefore, essential to know what the judge has said about his choice of the facts, for what he does has a meaning for us only when considered in relation to what he has said. A divorce of the conclusion from the material facts on which that conclusion is based is illogical, and must lead to arbitrary and unsound results.
40 Yale L.J. at 169. To illustrate the endpoint of this discussion, Goodhart gives the following example:
In a certain case the court finds that facts A, B and C exist. It then excludes fact A as immaterial, and on facts B and C it reaches conclusion X. What is the ratio decidendi of this case? There are two principles: (1) In any future case in which the facts are A, B and C, the court must reach conclusion X, and (2) in any future case in which the facts are B and C the court must reach conclusion X. In the second case the absence of fact A does not affect the result, for fact A has been held to be immaterial. The court, therefore, creates a principle when it determines which are the material and which are the immaterial facts on which it bases its decision.
40 Yale L.J. at 179.