715 So.2d 1092 (1998)
Jeanni M. CIMINO, Appellant,
v.
U.S. SECURITY INSURANCE COMPANY a/k/a U.S. Security Insurance Company, Inc., Appellee.
No. 97-4373.
District Court of Appeal of Florida, First District.
August 13, 1998.
Tari Rossitto-Van Winkle, Tallahassee, for Appellant.
Jaime Liang of Granger, Santry, Mitchell & Heath, P.A., Tallahassee, for Appellee.
ALLEN, Judge.
Pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B), the appellant challenges a nonfinal order by which a temporary injunction was dissolved. Because the trial court improperly relied upon Klipper v. Government Employees Insurance Co., 571 So.2d 26 (Fla. 2d DCA 1990), rev. denied, 576 So.2d 288 (Fla.1991), in concluding that the appellant was unlikely to prevail in her claimed right to have her attorney present with a video camera during a section 627.736(7), Florida Statutes, physical examination by a physician, we reverse the order.
The appellant was injured in an automobile accident and sought benefits pursuant to her personal injury protection automobile insurance policy with the appellee. When the appellee scheduled a physical examination of the appellant with a physician of its choice pursuant to section 627.736(7) and a provision in the policy, the appellant requested that her attorney be present to videotape the examination with a small, hand-held video camera. When the appellant and her attorney reported for the September 2, 1997, examination, the physician refused to perform the examination, stating that she had been instructed by the appellee that the examination could not be videotaped and the attorney could not be present.
The appellee rescheduled the examination for September 30, 1997, but again insisted that the attorney would not be allowed to attend. The appellee also advised the appellant that failure to attend the scheduled examination and comply with the conditions *1093 stated by the appellee would cause termination of her benefits.
The appellant then filed an action for declaratory judgment, seeking to have the court determine her rights under the insurance policy and under section 627.736. The appellant also filed a motion for a temporary injunction. On September 29, 1997, an emergency telephonic hearing was held on the motion for a temporary injunction. The trial court granted the injunction pursuant to stipulation, with the understanding that the matter would be reconsidered when the parties had sufficient time to prepare. The temporary injunction relieved the appellant of her obligation to attend the rescheduled examination and prohibited the appellee from terminating the appellant's policy benefits or scheduling any further examination unless the appellant's counsel was allowed to attend and memorialize the examination.
The appellee then moved to dissolve the injunction. At the hearing on the appellee's motion, the appellee's primary argument was that the temporary injunction was improperly entered because appellant had not demonstrated, as required by decisions such as City of Jacksonville v. Naegele Outdoor Advertising Co., 634 So.2d 750 (Fla. 1st DCA 1994), that she would likely prevail on the merits. Relying upon Klipper, the court ordered the temporary injunction dissolved.
Both section 627.736(7), which authorizes physical examinations in the context of personal injury protection claims, and the policy are silent as to who may attend the examination. The question of who may attend medical examinations has, however, been addressed in our caselaw.
The question first arose in the context of Florida Rule of Civil Procedure 1.360, which authorizes physical examination of a party by a physician when the party's condition is in controversy in civil litigation. Although rule 1.360 is silent as to who may attend the examination, we held that it constitutes a departure from the essential requirements of law to preclude a party's attorney's presence at the examination absent a valid reason for denial. See Toucet v. Big Bend Moving & Storage, 581 So.2d 952 (Fla. 1st DCA 1991). Quoting from Bartell v. McCarrick, 498 So.2d 1378, 1380 (Fla. 4th DCA 1986), we articulated the rationale for permitting the attorney's presence as follows:
"Whenever a doctor selected by the defendant conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked, and a lay person should not be expected to evaluate the propriety of every question at his peril. The plaintiff, therefore, should be permitted to have the assistance and protection of an attorney during the examination." [Citations omitted.]
* * * *
"It is argued that an attorney, by making groundless objections, may hinder an examination thereby depriving the defendant of the benefit of an informed medical opinion. The plaintiff, however, should not be left unprotected on the assumption that an attorney will unduly interfere with the examination. Should this interference occur, appropriate steps may be taken by the court to provide the doctor with a reasonable opportunity to complete his investigation of the nature and extent of any injuries the plaintiff may have sustained." [Citations omitted.]
* * * *
... The possible adversary status of the examining doctor for the defense is, under ordinary circumstances, a compelling reason to permit plaintiff's counsel to be present to guarantee, for example, that the doctor does not interrogate the plaintiff on liability questions in order to seek damaging admissions. [Citations omitted.]
We also addressed the question in the context of a medical examination following a claim for workers' compensation benefits. Again, the statute was silent as to who could attend the examination. But we found the Toucet rationale equally applicable in the workers' compensation context, and because the carrier had shown no valid basis for exclusion we held that the claimant's attorney would be allowed to attend the examination. See McClennan v. American Building Maintenance, 648 So.2d 1214 (Fla. 1st DCA 1995).
*1094 In Klipper, the court held that the insured seeking personal injury protection benefits was not entitled to have a court reporter present during the section 627.736(7) examination. While acknowledging the caselaw interpreting rule 1.360, the court distinguished those cases upon the following basis:
[A]n examination conducted pursuant to the rules of civil procedure presupposes that litigation has been initiated and that the parties are in an adversarial posture. The medical examination provided for by section 627.736(7), which arises from the contractual relationship between a consumer and the insurer of his choice, is designed to assist the insurer in evaluating whether it is obligated to pay benefits under its policy. It does not necessarily follow that the outcome will be to the insured's disadvantage or that the examination is merely a prelude to inevitable litigation over coverage.
Neither the statute nor the terms of Klipper's policy give the insured the right to set additional conditions for the examination. As the trial court concluded, "the insurance company [is] not bound by the same standards as it would be if it were under a discovery process."
571 So.2d at 27. We do not find Klipper persuasive because we have previously rejected its underlying premises.
With reference to the first quoted paragraph from Klipper, in Adelman Steel Corp. v. Winter, 610 So.2d 494 (Fla. 1st DCA 1992), we explained, "When resort to an [independent medical examination] is necessary by either party, the parties' relationship is clearly adversarial, and a physician performing an IME should be treated as the requesting party's expert witness...." Id. at 505. We recently reaffirmed this position in Reed v. Reed, 643 So.2d 1180 (Fla. 1st DCA 1994).
With reference to the second quoted paragraph from Klipper, we have rejected such a construction of silence. In Perez v. Eastern Airlines Inc., 569 So.2d 1290 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 1307 (Fla.1991), the employer and its insurance carrier argued that they should be allowed to carry on ex parte discussions with the claimant's physician. The claimant had no objections to their speaking with the physician, but he wanted his own attorney present. Although the applicable statute authorized discussion between the physician and the employer, the carrier, and the attorney for either of them, the statute was silent as to whether the claimant's attorney could attend such discussions. We held that the claimant was entitled to have his attorney present, reasoning, "[N]othing in Section 440.13(2)(c) requires such discussion be had in the absence of Perez's counsel." 569 So.2d at 1291. Similarly in the present case, nothing in the language of either the insurance policy or section 627.736(7) precludes the appellant's attorney from attending the examination.
We therefore reject Klipper and certify conflict between Klipper and the decision in the present case. Absent a valid reason for denial, a claimant seeking personal injury protection benefits cannot be precluded from having her attorney present with a video camera at an examination scheduled by her insurance company. Because the record in the present case reveals that the appellee offered no valid reason for refusing the appellant's request, the appellant was likely to prevail in her request to have her attorney present to record the examination. The trial court therefore erred in dissolving the injunction on the basis that the appellant would not likely prevail on the merits.
The order is accordingly reversed.
WOLF and DAVIS, JJ., concur.