615 So.2d 257 (1993)
Cameron JOHNSON, By and Through his parents and natural guardians, Rose JOHNSON and Errol Johnson; Rose Johnson and Errol Johnson, individually, Petitioners,
v.
MT. SINAI MEDICAL CENTER OF GREATER MIAMI, INC., Respondent.
No. 92-2660.
District Court of Appeal of Florida, Third District.
March 9, 1993.
Rehearing Denied April 13, 1993.
Payne & Morehead and Charles A. Morehead, III, Ft. Lauderdale, for petitioners.
John D. Kelner, Miami, for respondent.
Before HUBBART, NESBITT and LEVY, JJ.
PER CURIAM.
This is a petition for a writ of certiorari, filed by the plaintiffs in a medical malpractice case involving an infant, which seeks review of a trial court order authorizing a severely limited interview of the infant's treating physicians by counsel for the defendant in the case. The plaintiffs urge that the authorized interview is prohibited *258 by Section 455.241(2), Florida Statutes (1991), which provides in relevant part that "the medical condition of a patient may not be discussed [by a health care provider] with any person other than the patient or his legal representative or other health care providers involved in the care or treatment of the patient, except upon written authorization of the patient." § 455.241(2), Fla. Stat. (1991). We disagree with this argument and deny the petition for a writ of certiorari because the order under review (1) expressly prohibits the infant's treating physicians from discussing the medical condition of the infant with defense counsel at the subject interview in accord with the above statute, and (2) solely authorizes defense counsel (a) to advise the physicians about the issues of the case, and (b) to advise the physicians of any matter not otherwise prohibited by law, which is clearly not proscribed by the above statute. In essence, the order authorizes a one-way interview between defense counsel and the subject physicians in which the physicians essentially remain silent and the defense counsel do all the talking. Plainly, such an interview is not prohibited in any way by Section 455.241(2), Florida Statutes (1991).
Certiorari denied.