639 So.2d 1002 (1994)
Russell Bryan KIRKLAND, Rayford E. Kirkland, and Frankie W. Kirkland, Petitioners,
v.
William H. MIDDLETON, M.D., et al., Respondents.
No. 94-548.
District Court of Appeal of Florida, Fifth District.
June 3, 1994.
Rehearings Denied July 28, 1994.
*1003 Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, and Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for petitioners.
William E. Ruffier and Rafael E. Martinez of Sanders, McEwan, Martinez, Luff & Dukes, P.A., Orlando, for respondent William H. Middleton, M.D.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Ft. Lauderdale, for respondent Sabarentnam Yogendra, M.D.
Philip D. Parrish of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for respondents Toni Dinkins, L.P.N. and Ramona Wehnhart, R.N.
John C. Willis, IV, of Taraska, Grower, Unger & Ketcham, P.A., Orlando, for respondents Marshall Pearlman, M.D., Alan P. Frost, M.D., and Florida Diagnostic Imaging Associates, P.A.
J. Scott Murphy of Anderson, Murphy & O'Hara, P.A., Orlando, for respondent William H. Weaver, M.D.
G. Bruce Hill of Adams, Hill, Reis, Adams, Hall & Schieffelin, Orlando, for respondents Waterman Medical Center, Inc., Kyle Walton, R.N., Sherba S. Baine, R.N., Theresa Furlow, R.N., and Yvonne Lewis, L.P.N.
W. SHARP, Judge.
Petitioners in a medical malpractice case seek issuance of a writ of certiorari from this court to quash the trial court's order which authorizes respondents (defendants below) and their counsel to conduct ex parte interviews with Russell Kirkland's current physicians and health care providers. The trial court held that section 455.241(2), Florida Statutes (1993) does not prohibit ex parte interviews with the malpractice plaintiffs' current health care providers, and if it did so, it would be unconstitutional. We disagree and issue the writ.
Section 455.241(2) provides in pertinent part:
Except as otherwise provided in s. 440.13(2), such records may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient or the patient's legal representative or other health care providers involved in the care or treatment of the patient, except upon written authorization of the patient. However, such records may be furnished without written authorization to any person, firm, or corporation which has procured or furnished such examination or treatment with the patient's consent or when compulsory physical examination is made pursuant to Rule 1.360 Florida Rules of Civil Procedure, in which case copies of the medical records shall be furnished to both the defendant and the plaintiff. Such records may be furnished in any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or the patient's legal representative by the party seeking such records. Except in a medical negligence action when a health care provider is or reasonably expects to be named as a defendant, information disclosed to a health care practitioner by a patient in the course of the care and treatment of such patient is confidential and may be disclosed only to other health care providers involved in the care or *1004 treatment of the patient, or if permitted by written authorization from the patient or compelled by subpoena at a deposition, evidentiary hearing, or trial for which proper notice has been given....
We agree with our sister court in Franklin v. Nationwide Mutual Fire Insurance Co., 566 So.2d 529 (Fla. 1st DCA), rev. dismissed, 574 So.2d 142 (Fla. 1990), that this statute[1] waives confidentiality for the medical condition of a patient or information furnished by the patient to a health care provider only in the following situations:
1) when a health care provider is or reasonably expects to be named as a defendant in a medical malpractice action (for that health care providers' records and information) or
2) when the patient gives written authorization or
3) when compelled by subpoena at a deposition, evidentiary hearing or trial for which proper notice was given.
Another waiver situation not specifically mentioned by Franklin is for communication by and between current health care providers. This situation is not applicable here, nor was it in Franklin.
The statute, although extremely convoluted and tortured in language (perhaps by the amending process), does not permit this ex parte interview procedure. See also, West v. Branham, 576 So.2d 381, 383 (Fla. 4th DCA), rev. dismissed, 583 So.2d 1034 (Fla. 1991). Nor do we think petitioners should fail to obtain relief in this court because Franklin fails to specifically address the element of irreparable harm. See, e.g., Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla. 1987). The protection against disclosure of privileged information does not require a showing of irreparable harm beyond threat of disclosure itself to merit action by reviewing courts. See Manor Care of Dunedin, Inc. v. Keiser, 611 So.2d 1305, 1306 (Fla. 2d DCA 1992); Johnston v. Donnelly, 581 So.2d 909, 910 (Fla. 2d DCA 1991); West, 576 So.2d at 383.
Respondents also argue they merely intend to question Kirkland's current health care providers about such non-privileged matters as scheduling deposition testimony and arranging medical records production. But that can be coordinated through the Kirklands' attorneys, or if cooperation is not forthcoming, through notice and depositions, pursuant to the Florida Rules of Civil Procedure. Were unsupervised ex parte interviews allowed, medical malpractice plaintiffs could not object and act to protect against inadvertent disclosure of privileged information, nor could they effectively prove that improper disclosure actually took place. This makes respondents' assurances that these issues can be handled on appeal hollow, to say the least. Petitioners' remedy is here and now with this court or it does not exist.
Writ of Certiorari GRANTED; order QUASHED.
DIAMANTIS and THOMPSON, JJ., concur.
NOTES
[1] Franklin involved the 1988 version of this statute, which is substantially similar to the 1993 version.