647 So.2d 215 (1994)
Nancy RICHTER and Gary Richter, husband and wife, Petitioners,
v.
Frank J. BAGALA, M.D., and Rudolph Acosta, M.D., Respondents.
No. 94-01017.
District Court of Appeal of Florida, Second District.
August 24, 1994.
*216 Kenneth S. Spiegelman of Grover, Ciment, Weinstein, Stauber, Friedman & Ennis, P.A., Miami Beach, for petitioners.
C. Howard Hunter and Sara B. Kehoe of Freeman, Hunter & Malloy, Tampa, for respondent, Frank J. Bagala, M.D.
Philip D. Parrish of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for respondent, Rudolph Acosta, M.D.
SCHOONOVER, Judge.
Nancy Richter and Gary Richter, plaintiffs in a medical malpractice action filed against the respondents, Frank J. Bagala, M.D., and Rudolph Acosta, M.D., seek a writ of certiorari quashing a trial court order allowing ex parte conferences with treating physicians. We grant the petition and issue the writ.
During pretrial proceedings in this matter, Dr. Rudolph Acosta, one of the defendants in the trial court, moved the court for an order approving ex parte conferences between his counsel and the plaintiffs' treating, nonparty, health care providers. Dr. Bagala, the other defendant, joined in the motion. At the conclusion of the hearing on the doctors' motion, the court granted the motion and entered an order allowing their attorneys to have ex parte, general medical discussions with the treating physicians. The order prohibited the attorneys from discussing the specific medical condition of the patient with the doctors. The Richters filed this timely petition seeking a writ of certiorari.
Section 455.241(2), Florida Statutes (1993), provides in pertinent part that medical records:
[M]ay not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient or the patient's legal representative or other health care providers involved in the care or treatment of the patient, except upon written authorization of the patient. However, such records may be furnished without written authorization to any person, firm, or corporation which has procured or furnished such examination or treatment with the patient's consent or when compulsory physical examination is made pursuant to Rule 1.360, Florida Rules of Civil Procedure, in which case copies of the medical records shall be furnished to both the defendant and the plaintiff. Such records may be furnished in any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or the patient's legal representative by the party seeking such records. Except in a medical negligence action when a health care provider is or reasonably expects to be named as a defendant, information disclosed to a health care practitioner by a patient in the *217 course of the care and treatment of such patient is confidential and may be disclosed only to other health care providers involved in the care or treatment of the patient, or if permitted by written authorization from the patient or compelled by subpoena at a deposition, evidentiary hearing, or trial for which proper notice has been given.
In order to obtain an injured plaintiff's medical records from the plaintiff's treating physician, or to discuss the plaintiff's medical condition with him, a person seeking such a disclosure under section 455.241(2) must, absent a waiver, use a statutory method or follow the applicable Florida Rule of Civil Procedure. Johnston v. Donnelly, 581 So.2d 909 (Fla. 2d DCA 1991). The statute waives confidentiality for the medical condition of a patient or information furnished by the patient to a health care provider when (a) a health care provider is or reasonably expects to be named as a defendant in a medical malpractice action (for that health care providers' records and information), (b) the patient gives written authorization, (c) compelled by subpoena at a deposition, evidentiary hearing or trial for which proper notice was given, or (d) two or more current health care providers find it necessary to communicate. Kirkland v. Middleton, 639 So.2d 1002 (Fla. 5th DCA 1994). See also Franklin v. Nationwide Mut. Fire Ins. Co., 566 So.2d 529 (Fla. 1st DCA 1990), rev. dismissed, 574 So.2d 142 (Fla. 1990); Phillips v. Ficarra, 618 So.2d 312 (Fla. 4th DCA 1993). Since none of the reasons for waiver exist in this case, the trial court erred in entering its order.
The respondents collectively argue that certiorari should be denied because the trial court's decision was proper and, alternatively, that any error can be corrected on appeal. Dr. Acosta also contends that the statute is unconstitutional. We disagree. We agree with our sister court's holding in Kirkland and, accordingly, find that the statute is constitutional and that the protection against disclosure of privileged information does not require a showing of irreparable harm beyond the threat of disclosure itself. Kirkland. See also Manor Care, Inc. v. Keiser, 611 So.2d 1305 (Fla. 2d DCA 1992).
We also reject the respondents' contention that because the order provides that the respondents' attorney cannot discuss the petitioners' medical contention with the physicians, it does not violate the statute. The respondents, as well as the trial court in its ruling, rely upon the Third District Court of Appeal's holding in Johnson v. Mt. Sinai Medical Center, Inc., 615 So.2d 257 (Fla. 3d DCA 1993), in advancing this position. We agree that in Johnson our sister court approved an order which prohibited the attorneys from discussing the patient's medical condition with the treating physicians. It went further, however, and in essence only authorized a one way interview between defense counsel and the physicians in which the doctors basically were required to remain silent and the defense counsel were to do the talking. We see no reason to require treating physicians to listen and not respond to an attorney, who is not their attorney, about their professional responsibilities. Furthermore, to the extent that the court in Johnson approves an ex parte, unsupervised, interview with treating physicians where the patient's attorney cannot be present to protect against disclosure of privileged information, we disagree with the decision. We, instead, agree with our sister courts' decisions in Kirkland and Franklin.
We, accordingly, grant the petition for writ of certiorari and quash the trial court's order.
CAMPBELL, A.C.J., and HALL, J., concur.