PER CURIAM.
We have for review Castillo-Plaza v. Green, 655 So.2d 197 (Fla. 3d DCA 1995),[1] *158 which expressly and directly conflicts with the opinions in Kirkland v. Middleton, 639 So.2d 1002 (Fla. 5th DCA), review dismissed, 645 So.2d 453 (Fla.1994), and Richter v. Bar gala, 647 So.2d 215 (Fla. 2d DCA 1994), review granted sub nom. Acosta v. Richter, 650 So.2d 989 (Fla.1995). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
We have now addressed the issue presented in this case in Acosta v. Richter, No. 84,413 (Fla. Jan. 18, 1995), and held that section 455.241(2), Florida Statutes (1993), creates a physician-patient privilege of confidentiality for the patient’s medical information, and a limited exception to the privilege for disclosure by a defendant physician in a medical negligence action in order for the physician to defend herself. In the opinion we also disapproved of the decision under review in the instant case. Accordingly, because the decision under review is inconsistent with Acosta, we quash it and remand to the district court for proceedings consistent with our opinion in Acosta.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

. In the district court, this case constituted three consolidated cases: Castillo-Plaza v. Green, No. 94-1428; Pierre v. North Shore Medical Center, No. 94-1493; and Giron v. Noy, No. 94-1675. We dismissed Giron v. Noy after petitioners moved for a voluntary dismissal, see Giron v. *158 Noy, 661 So.2d 824 (Fla.1995), and neither party in Castillo-Plaza sought review in this Court. Consequently, our decision today applies only to Pierre v. North Shore Medical Center.