PER CURIAM.
Without prior court order or patient authorization, defense counsel representing a defendant physician in a medical malpractice lawsuit met ex parte with two treating physicians. When plaintiffs counsel learned of the meeting and subsequent communications, plaintiff filed a motion to strike the testimony of the physicians and motion for protective order.
Under the authority of Acosta v. Richter, 671 So.2d 149 (Fla.1996), we grant the petition for writ of certiorari and quash the order denying petitioner (plaintiff) Keel’s motion for protective order to prohibit any further ex parte meetings with plaintiffs treating physicians. In interpreting section 455.241(2), Florida Statutes (1993), which statutorily-created a physician-patient privilege of confidentiality, our supreme court stated:
Finally, we reject the contention that ex parte conferences with treating physicians may be approved so long as the physicians are not required to say anything. We believe it is pure sophistry to suggest that *692 the purpose and spirit of the statute would not be violated by such conferences.
Id. at S32, at-.
However, in this certiorari proceeding we decline to review the merits of the court’s refusal to strike the testimony of these physicians with whom defense counsel improperly communicated in violation of section 455.241(2), Florida Statutes (1993). On remand the trial court may reconsider its ruling on the motion to strike in light of Acosta in determining whether striking the witness’ testimony is an appropriate sanction for the actions of defense counsel.
GUNTHER, C.J., and WARNER and PARIENTE, JJ., concur.