**Robert William GLANDT, Appellant (Respondent),**

v.

**Sandra Sue TAYLOR, Appellee (Petitioner).**

No. 95–221.

Supreme Court of Wyoming.

June 27, 1996.

Maureen T. Donohoue, Lander, for Appellant.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; and Cynthia L. Harnett, Assistant Attorney General, Cheyenne, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

The issue before us is whether the district court had jurisdiction to enter an order modifying a divorce decree issued in another jurisdiction. Concluding that the matter was not properly transferred, we reverse.

## I. ISSUES

Appellant articulates the following issues:

A. Did the Eighth Judicial District Court within and for Platte County, Wyoming have jurisdiction to modify the child support provisions of the decree of divorce originally entered and subsequently modified by the Seventh Judicial District Court within and for Natrona County, Wyoming?

B. If the Eighth Judicial District Court within and for Platte County, Wyoming did not have jurisdiction to modify the child support provisions of the decree of divorce originally entered and subsequently modified by the Seventh Judicial District Court within and for Natrona County, Wyoming, was such jurisdiction created or conferred upon the Platte County District Court by consent, estoppel or waiver of the parties?

C. If the Eighth Judicial District Court within and for Platte County, Wyoming had jurisdiction to modify the child support provisions of the decree of divorce originally entered and subsequently modified by the Seventh Judicial District Court within and for Natrona County, Wyoming, is there a statutory basis in W.S., Section 14–2–204(a)(iii) for the District Court of the Eighth Judicial District within and for Platte County, Wyoming to order that Appellant's child support obligation continue until "the parties' children reach the age of eighteen (18) years, or until they reach the age of twenty (20) Years if the child(ren) are attending high school or an equivalent program as a full-time participant"?

Appellee responds with this statement of the issues:

I. Was exclusive jurisdiction over all matters pertaining to this case properly transferred from the Seventh Judicial District to the Eighth Judicial District and has appellant failed to prove otherwise?

II. Did the Eighth Judicial District properly apply W.S. 14–2–204(a) in modifying the appellant's child support obligation and has appellant failed to prove otherwise?

## II. FACTS

Robert Glandt (Robert) and Sandra Taylor (Sandra) were divorced in Natrona County, Wyoming in 1980. The divorce decree was

modified in 1987 and 1989 by the district court in Natrona County. In 1994, the district court in Natrona County transferred the case file to the district court in Platte County without notice to the parties. In 1995, the district court in Platte County issued and filed an order modifying Robert's child support obligations.

Robert challenged the jurisdiction of the district court in Platte County and filed a motion to dismiss. That motion was denied and Robert filed this appeal.

### III. DISCUSSION

■ The original divorce decree was entered by the district court in Natrona County. That court is required, by statute, to retain jurisdiction over this matter. Wyo. Stat. § 20–2–113(a) (1994). The district court in Natrona County had no authority to transfer jurisdiction of this matter to the district court in Platte County and that court had no authority to accept such a transfer of jurisdiction. *Nicholaus v. Nicholaus*, 756 P.2d 1338, 1342 (Wyo.1988) (holding that jurisdiction to modify custody and support provisions in a divorce decree is exclusive in Wyoming). We note, however, that pursuant to W.R.C.P. 40.1(a)(3) and (b)(4), the district court in Natrona County could have transferred the case to Platte County and assigned a judge in Platte County to hear this case and exercise jurisdiction of the district court in Natrona County, provided that any order entered pursuant to such an arrangement was filed in Natrona County. That, of course, did not occur.

■ An order entered by a court lacking jurisdiction is void and is of no force and effect. *MN v. CS*, 908 P.2d 414, 416 (Wyo. 1995). Therefore, the order entered by the district court in Platte County which modified the divorce decree filed in Natrona County cannot stand.

### IV. CONCLUSION

This case is reversed and remanded for further proceedings consistent with this opinion.