**WEXPRO COMPANY, Appellant (Petitioner/Plaintiff),**

v.

**Terry BRIMHALL, in her official capacity as the Uinta County Treasurer; The Board of County Commissioners for the County of Uinta, Appellees (Respondents/Defendants).**

No. 98–136.

Supreme Court of Wyoming.

June 2, 2000.

Representing Appellant: Lawrence J. Wolfe of Holland & Hart, Cheyenne, Wyoming.

Representing Appellee: Michael L. Greer, Uinta County and Prosecuting Attorney, Evanston, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

GOLDEN, Justice.

Pursuant to W.R.A.P. 11, the District Court for the Third Judicial District, in and for Uinta County, Wyoming, certifies two questions for resolution concerning whether *Texaco, Inc. v. State Bd. of Equalization,* 845 P.2d 398 (Wyo.1993), and *Thunder Basin Coal Co. v. State Bd. of Equalization,* 896 P.2d 1336 (Wyo.1995), bar refund claims based on ad valorem taxes calculated by offsetting overpayments and underpayments between tax years and, if they are not barred, whether a county may refuse to offset such payments.

In its brief, Appellant Wexpro Company informs us that the issues and facts in this case are also present in *Wyo. State Dept. of Rev. v. Amoco Prod. Co.,* 7 P.3d 35 (Wyo. 2000). In *Amoco,* we held that "[o]ffsets or refunds pursuant to Wyo. Stat. Ann. § 39–2–214(e) are not applicable to audits commenced before the effective date of the statute." *Id.,* at 40 (citing *Thunder Basin Coal Co.,* 896 P.2d at 1341, and *Texaco, Inc.,* 845 P.2d at 402).

We agree with Wexpro's analysis of *Amoco* and will apply that holding to answer the certified questions. Therefore, we answer the first certified question in the affirmative; Wexpro's refund claims are barred. We need not answer the second certified question.

* Retired November 2, 1998.

## CERTIFIED QUESTIONS

I. Are Wexpro's claims, that refunds of ad valorem taxes must be calculated by offsetting overpayments and underpayments between tax years and tax districts, barred under the decisions in *Texaco Inc. v. State Board of Equalization* and *Thunder Basin Coal Company v. Board of Equalization* because Wexpro's audit was commenced prior to March 11, 1991, the effective date of W.S. 39–2–214?

II. If Wexpro's claims are not barred, is the County required to offset overpayments and underpayments between tax years and tax districts in calculating Wexpro's entitlement to ad valorem tax refunds?

These questions encompass all of the issues in the case, and the parties do not suggest any additional issues.

## FACTS

■ In a W.R.A.P. 11 certification of questions of law, we rely entirely upon the factual determinations made in the trial court. *Allhusen v. State of Wyoming Mental Health Prof. Licensing Bd.,* 898 P.2d 878, 881 (Wyo. 1995). The following statement of facts was submitted by the district court in its order certifying the questions of law:

Wexpro is a significant oil and gas producer in southwest Wyoming. At issue in this case are ad valorem taxes (also called gross products taxes) which are assessed each year by Uinta County based on Wexpro's prior year's production. Wexpro's 1984–1988 oil and gas production in Uinta, Sweetwater and Lincoln counties was audited by the Department of Audit. The audit was engaged on June 21, 1990, and a final assessment letter was issued by the Department of Revenue ("DOR") on February 3, 1994. The assessment was appealed to the State Board of Equalization ("State Board"), which issued an initial decision on February 24, 1995. That decision was interlocutory and required Wexpro and the DOR to make certain calculations and report back to the State Board.

The State Board's final decision was issued on November 14, 1995.

In arriving at its final decision, the State Board required the DOR and Wexpro to develop joint schedules for all of the wells and each of the years. In those schedules the DOR agreed to net overpayments and underpayments between years for severance tax purposes. The State Board approved the schedules in the final order.

The State Board's decision ordered Uinta and Sweetwater Counties to refund money to Wexpro for overpaid gross products tax for tax years 1985 through 1989 (production years 1984–198[8] ). The Uinta County Treasurer calculated the amount of the refund and paid to Wexpro $144,-002.99. Wexpro believes the refund was calculated without regard to applicable statutes and case law and that Wexpro is owed an additional amount of $48,238.06. Wexpro's objections were made known to the Treasurer. The Uinta County Board of County Commissioners ratified the decision of the Treasurer, in an action that has been reported to the Appellant but not documented. Such ratification occurred because W.S. 39–2–214(e) appears to require the County Board to make the final decision on refunds.

This case arose by Wexpro's filing of a Petition for Administrative Action and a Complaint for Declaratory and Injunctive Relief ("Complaint"). The Complaint challenges the method by which the Uinta County Treasurer calculated the amount of an ad valorem tax refund due to Wexpro. The Appellees filed an Answer and Counter Petition for Declaratory Judgment. The Appellees filed a Motion to Dismiss and supporting brief, the Appellant filed a Motion for Summary Judgment and Brief and the Court determined, after review of the record, that it would certify the case to the Wyoming Supreme Court.

## DISCUSSION

Wexpro contends that its claims for ad valorem tax refunds must be calculated by netting overpayments and underpayments

between tax years within an audit period and between tax districts within the county. Wexpro relies on *Kunard v. Enron Oil & Gas Co.*, 869 P.2d 132 (Wyo.1994), and Wyo. Stat. Ann. § 39–2–214(e) to support its position, while attempting to distinguish this case from *Texaco, Inc. v. Wyo. State Bd. of Equalization*, 845 P.2d 398 (Wyo.1993), and *Thunder Basin Coal Co. v. Wyo. State Bd. of Equalization*, 896 P.2d 1336 (Wyo.1995).

Wexpro suggests that Wyo. Stat. Ann. § 39–2–214(e) is remedial in nature and, when read in conjunction with the policies announced in *Kunard*, allows netting of overpayments and underpayments between tax years within an audit period. Wyo. Stat. Ann. § 39–2–214(e) (Michie 1997) [1] provides:

The taxpayer is entitled to receive an offsetting credit for any overpaid gross product or severance tax identified by an audit that is within the scope of the audit period, without regard to the limitation period for requesting refunds. In calculating interest and penalty, the department or board of county commissioners shall first compute a net deficiency amount after subtracting any offsetting credit and then calculate any interest and penalty due.

■ If we were to consider this statutory language and the remedial nature of the statute, without more, we might agree with Wexpro's contention that its refund claims are not barred. However, Wyo. Stat. Ann. § 39–2–214 was promulgated in 1991. When it enacted the statute, as Section 1 of Chapter 257, the legislature included a second section to explain its intent. That section requires that "[a]ny audit or examination **which has not commenced** as of the effective date of this act, conducted by or contracted for by a county, shall be subject to the provisions of this act." 1991 Wyo. Sess. Laws Ch. 257, § 2 (emphasis added).

The effective date of the act was March 11, 1991. *Id.; Texaco*, 845 P.2d at 401. The audit of Wexpro began on June 21, 1990. Therefore, Wyo. Stat. Ann. § 39–2–214(e) (Michie 1997) does not apply to Wexpro's refund claims, and its claims are barred. *See also, Texaco*, 845 P.2d at 401 ("We conclude

---

1. Repealed by 1998 Wyo. Sess. Laws Ch. 5, § 4.

that it is unmistakably clear that the Legislature intended for § 39–2–214(e) to apply prospectively only."); *Thunder Basin Coal Co.,* 896 P.2d at 1341 ("Thunder Basin is not entitled to receive an offset or refund pursuant to Wyo. Stat. § 39–2–214(e) (1994) because the audit was commenced before the effective date of the statute."); *Amoco Production Co.,* at 40 ("Offsets or refunds pursuant to Wyo. Stat. Ann. § 39–2–214(e) are not applicable to audits commenced before the effective date of the statute.").

### CONCLUSION

Wexpro's claims "that refunds of ad valorem taxes must be calculated by offsetting overpayments and underpayments between tax years and tax districts" **are** barred under our previous decisions because Wexpro's audit was commenced prior to March 11, 1991, the effective date of Wyo. Stat. Ann. § 39–2–214(e) (Michie 1997), the statute which allows for offsetting of payments.

THOMAS, Justice, dissenting.

I must dissent from the majority resolution of this case in accordance with the views I have expressed in *Department of Revenue v. Amoco Production Co.,* 7 P.3d 35 (Wyo. 2000). The majority has resolved this case consistently with the resolution of *Amoco Production Co.* I would reach a contrary result consistent with the views expressed in my concurring and dissenting opinion in that case. Consequently, I would answer the first certified question in this case, "No." That would lead to consideration of the second certified question, which I would answer "Yes."