2002 WY 135

**BP AMERICA PRODUCTION COMPANY, a foreign corporation; and Marathon Oil Company, a foreign corporation, Appellants (Defendants),**

v.

**Larry MADSEN as Special Trustee of the H.M. Klaenhammer Revocable Trust Dated May 9, 1996, Successor to H.M. Klaenhammer; and Robert W. Scott, Individually and as Managing Member of R.W. Scott Investments, LLC, Suing on Behalf of Themselves and All Other Similarly Situated Royalty Owners, Appellees (Plaintiffs).**

No. 01–238.

Supreme Court of Wyoming.

Sept. 19, 2002.

Frank D. Neville, Richard E. Day and Scott W. Skavdahl of Williams, Porter, Day & Neville, P.C., Casper, Wyoming; Kirby J. Iler of Marathon Oil Company, Cody, Wyoming; Michael Homeyer of BP Amoco Corporation, Houston Texas; Harrell Feldt and Richard H. Page of Vinson & Elkins, LLP, Houston, Texas; and Sheryl L. Hopkins of Vinson & Elkins, LLP, Dallas, Texas, Representing Appellants.

J. Nicholas Murdock, Cody L. Balzer, Mark L. Carman and Scott J. Olheiser of Balzer Carman Murdock, P.C., Casper, Wyoming; Robert P. Schuster and Gary L. Shockey of Spence, Moriarity & Schuster, LLC, Jackson, Wyoming; Charles Carpenter, Denver, Colorado; and Samuel Issacharoff, New York, New York, Representing Appellees.

Before HILL, C.J., and GOLDEN, LEHMAN,* and VOIGT, JJ., and KALOKATHIS, D.J.

VOIGT, Justice.

[¶ 1] The Third Judicial District Court has presented two certified questions concerning the jurisdictional provision contained

* Chief Justice at time of oral argument.

in the Wyoming Royalty Payment Act (the WRPA), which is found at Wyo. Stat. Ann. § 30–5–303(b) (LexisNexis 2001). We conclude that the WRPA does not confer exclusive jurisdiction over claims brought under it in the district court for the county in which a particular well is located; rather, the intent of the WRPA is to allow such claims to be brought in the district court of any county in which a well is located.

## FACTS

[¶ 2]   The appellees are the Plaintiffs and the appellants are the Defendants in a civil action in the district court in Lincoln County.[1]   The Plaintiffs, as holders of overriding royalty interests, seek additional royalties under the WRPA from the Defendants, who are the oil and gas producers. The lawsuit covers claims for wells located in Lincoln County and in other Wyoming counties. An issue has been raised whether the district court for Lincoln County has jurisdiction over the claims arising from wells not located in that county. In that regard, Wyo. Stat. Ann. § 30–5–303(b) provides:

> *The district court for the county in which a well producing oil, gas or related hydrocarbons is located has jurisdiction over all proceedings brought pursuant to this article* and the prevailing party in any proceedings brought pursuant to this article shall be entitled to recover all court costs and reasonable attorney's fees.

(Emphasis added.)

## CERTIFIED QUESTIONS

[¶ 3]   In a Notice of Agreement to Answer Certified Questions dated December 4, 2001, we informed the district court and the parties that we would answer the following certified questions:

1.   Does Wyo.Stat. § 30–5–303(b) confer exclusive jurisdiction over claims under the Wyoming Royalty Payment Act in the district court for the county in which a well producing oil, gas, or related hydrocarbons is located?

2.   If so, may the provisions of Wyo. R.Civ.P. 23 override the grant of exclusive jurisdiction such that a district court may, in the context of a class action, adjudicate WRPA claims relating to wells not located in the county in which the class action is pending?

## STANDARD OF REVIEW

■   [¶ 4]   In a W.R.A.P. 11 certification of questions of law, we rely entirely upon the factual determinations made in the trial court. *Wexpro Co. v. Brimhall,* 7 P.3d 42, 43 (Wyo.2000) (citing *Allhusen v. State By and Through Wyoming Mental Health Professions Licensing Bd.,* 898 P.2d 878, 881 (Wyo. 1995)). The following rules apply when the question is one of statutory intent:

> "[W]e look first to the plain and ordinary meaning of the words to determine if the statute is ambiguous. *Olheiser v. State ex rel. Worker's Compensation Div.,* 866 P.2d 768, 770 (Wyo.1994), citing *Parker Land & Cattle Co. v. Game & Fish Comm'n,* 845 P.2d 1040, 1042–43 (Wyo.1993). A statute is clear and unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability. *Parker Land & Cattle,* at 1043. Conversely, a statute is ambiguous if it is found to be vague or uncertain and subject to varying interpretations. *Id.* ... Ultimately, whether a statute is ambiguous is a matter of law to be determined by the court. *Id.*
>
> . . .
>
> When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. *Tietema v. State,* 926 P.2d 952, 954 (Wyo.1996); *Butts v. State Board of Architects,* 911 P.2d 1062, 1065 (Wyo.1996). Instead, our inquiry revolves around the ordinary and obvious meaning of the words employed according to their arrangement and connection. In doing so, we view the statute as a whole in order to ascertain its intent and general purpose and also the meaning of each part. 'We give effect to every word, clause and sentence and con-

---

**1.** BP America Production Company has been substituted for Amoco Production Company.

strue all components of a statute *in pari materia.' Parker,* 845 P.2d at 1042."

*Murphy v. State Canvassing Bd.,* 12 P.3d 677, 679 (Wyo.2000) (*quoting Campbell County School Dist. v. Catchpole,* 6 P.3d 1275, 1284 (Wyo.2000)).

## DISCUSSION

[¶ 5] The position of the Defendants is simple and straightforward. They contend that the statute contains an unambiguous geographic limitation that allows claims to be brought under the WRPA only in the district court for the county in which *the* well is located. They further argue that the legislature is empowered to set the jurisdictional limits of the state's courts. *See* Wyo. Const. art. 5, § 10; *Mutual of Omaha Ins. Co. v. Blury–Losolla,* 952 P.2d 1117, 1121 (Wyo. 1998) (legislature sets jurisdictional limits of county courts); *Glandt v. Taylor,* 920 P.2d 647, 649 (Wyo.1996) (superseded by statute) (district court granting divorce to retain jurisdiction); *Stalkup v. State Dept. of Environmental Quality (DEQ),* 838 P.2d 705, 714 (Wyo.1992) (actions brought against DEQ to be brought in Laramie County); and *Nicholaus v. Nicholaus,* 756 P.2d 1338, 1340 (Wyo. 1988) (superseded by statute) (district court granting divorce to retain jurisdiction). Because oil and gas royalty interests are real property interests, the Defendants also find the geographic limitation of Wyo. Stat. Ann. § 30–5–303(b) to be consistent with the general rule that real property disputes are handled where the real property is located.

[¶ 6] The position of the Plaintiffs is equally simple and straightforward. While they do not specifically state that the statute is unambiguous, they do contend that the statute clearly allows for suits to be brought where *a* (meaning "any") well is located, not just where *the* well is located. They stress the fact that the WRPA, as a remedial statute, is to be liberally construed to achieve its goal of preventing underpayment by producers. *See Moncrief v. Harvey,* 816 P.2d 97, 105 (Wyo.1991); *State v. BHP Petroleum Co., Inc.,* 804 P.2d 671, 672 (Wyo.1991); and *Wold v. Hunt Oil Co.,* 52 F.Supp.2d 1330, 1335 (D.Wyo.1999). Finally, despite the legislature's use of the word "jurisdiction," the

Plaintiffs contend that this is actually a venue issue. *See Stalkup,* 838 P.2d at 714 (statute requiring suits against DEQ to be in Laramie County is a venue statute); *Matter of Larsen,* 770 P.2d 1089, 1091 (Wyo.1989) (geographic filing limitation in worker's compensation statute referred to venue, not jurisdiction); and *Myuskovich v. State ex rel. Osborn,* 59 Wyo. 406, 141 P.2d 540, 543 (1943) (word "jurisdiction" in paternity statute referred to venue rather than to subject matter jurisdiction).

[¶ 7] To the extent necessary to answer the certified questions before us, we find Wyo. Stat. Ann. § 30–5–303(b) to be unambiguous. Further, we agree with the Plaintiffs that the statute allows WRPA claims to be brought in the district court of *any* county where a well at issue is located. From high school English class, we know that the word "a" is an indefinite article, while the word "the" is a definite article. Beyond that, the dictionary definitions are not very helpful in allowing us to understand the common meanings of the words. According to Merriam–Webster's Collegiate Dictionary 1 (10th ed.1999), "a" may be "used as a function word before a singular noun followed by a restrictive modifier <a man who was here yesterday>." According to the same source, "a" may also mean "any." *Id.* On the other hand, "the" is "used as a function word to indicate that a following noun or noun equivalent is definite or has been previously specified by context or by circumstance <put [the] cat out>." *Id.* at 1221. Simply put, it is the difference between "bring me a book" and "bring me the book." In the first instance, any book will do; in the second instance, a particular book is expected.

[¶ 8] This Court has previously looked at the meanings of "a" and "the." In *McClanahan v. Woodward Const. Co.,* 77 Wyo. 362, 316 P.2d 337, 341 (1957) (*quoting* Webster's New International Dictionary 2617 (2d ed.1935)), we said that " '[t]he [is a] demonstrative adjective used chiefly before a noun to individualize, specialize, or generalize its meaning, having a force thus distinguished from the indefinite distributive force of *a, an* and from the abstract force of an unqualified noun.' " Other courts agree that,

in construing statutes, the definite article "the" is a word of limitation as opposed to the indefinite or generalizing force of "a" or "an." *Brooks v. Zabka,* 168 Colo. 265, 450 P.2d 653, 655 (1969); *United States v. Hudson,* 65 F. 68, 71 (W.D.Ark.1894). The ordinary meaning of "a" is "any." *Castillo-Plaza v. Green,* 655 So.2d 197, 200 (Fla.App.), *review dismissed by Giron v. Noy,* 661 So.2d 824 (Fla.), *review granted by Pierre v. North Shore Medical Center, Inc.,* 663 So.2d 631 (Fla.1995), *quashed,* 671 So.2d 157 (Fla.1996). In a statute, "a" usually means "any." *Application of Hotel St. George Corp.,* 207 N.Y.S.2d 529, 531 (1960) (*quoting Lindley v. Murphy,* 387 Ill. 506, 56 N.E.2d 832, 837 (1944)). *See also Chavira v. State,* 167 Tex. Crim. 197, 319 S.W.2d 115, 120 (1958) ("a" is synonymous with "any").

[¶ 9] If we apply this reasoning to Wyo. Stat. Ann. § 30–5–303(b), the pertinent portion reads "[t]he district court for the county in which *any* well producing oil, gas or related hydrocarbons is located has jurisdiction over all proceedings brought pursuant to this article...." Clearly, the legislature intended that cases under the WRPA may be brought in any of the counties where one of the wells at issue is located. This reading of the statute is much more reasonable than the alternative—that multiple suits involving the same issues and between the same parties must be brought in all the counties where a well is located. Had the legislature intended that effect, it would have provided that "the

district court for the county in which *the* well producing oil, gas or related hydrocarbons is located has jurisdiction over all proceedings related to that well brought pursuant to this article...."

## CONCLUSION

[¶ 10] Wyo. Stat. Ann. § 30–5–303(b) is unambiguous. It provides that claims under the WRPA may be brought in the district court of any county where any of the wells at issue is located. Therefore, we answer the first certified question, "No." That answer renders the second certified question moot. Furthermore, because we have not accepted the Defendants' argument that the statute contemplates a geographical limitation on district court jurisdiction, we need not address the Plaintiffs' response that such limitation is unconstitutional. And finally, neither is it necessary to determine whether, despite use of the word "jurisdiction," the legislative intent was to create a venue provision.[2]

[¶ 11] This case is remanded to the district court for further proceedings consonant herewith.

---

2. In *Myuskovich,* 141 P.2d at 543, Justice Blume reached just that conclusion in construing a statute with similar language, including the word "jurisdiction."