GERBER, J.
 

 In this medical negligence action, the circuit court entered an order allowing a nonparty treating physician to have an ex parte pre-deposition conference with her own attorney, excluding any discussion regarding the plaintiffs care and treatment. The plaintiff now petitions for a writ of certiorari seeking to quash the order. We deny the petition.
 

 Ramsey Hasan (the “plaintiff’) brought a dental malpractice action against Lanny Garvar, D.M.D. and Garvar & Stewart, D.M.D. (the “defendants”). The plaintiff served notice of his intent to depose an oral surgeon who treated him. The same insurer provides coverage for both the defendants and the oral surgeon. However, the insurer retained separate attorneys to represent the defendants and the oral surgeon.
 

 The plaintiff moved for a protective order to prevent the oral surgeon’s attorney from conducting a pre-deposition conference with the oral surgeon. The plaintiff represented that the oral surgeon is not a potential defendant in the malpractice action and, therefore, any discussion between the oral surgeon and the attorney would violate section 456.057(8), Florida Statutes (2009), which states:
 

 Except in a medical negligence action or administrative proceeding when a health care practitioner or provider is or reasonably expects to be named as a defendant, information disclosed to a health care practitioner by a patient in the course of the care and treatment of such patient is confidential and may be disclosed only to other health care practitioners and providers involved in the care or treatment of the patient, or if permitted by written authorization from the patient or compelled by subpoena at a deposition, evidentiary hearing, or trial for which proper notice has been given.
 

 § 456.057(8), Fla. Stat. (2009).
 

 The oral surgeon’s attorney responded that he did not intend to discuss the plaintiffs care and treatment with the oral surgeon. Instead, the attorney just wanted to discuss general deposition techniques with the oral surgeon. The defendants responded that, although the court could prevent the oral surgeon’s attorney from discussing the plaintiffs care and treatment with the oral surgeon, the court could not prevent the oral surgeon’s attorney from meeting with the oral surgeon.
 

 The circuit court denied the plaintiffs motion for protective order, stating, “[The oral surgeon] is entitled to a pre-deposition conference subject to attorney-client privilege with the exclusion of any discussion of health care information.” This petition followed.
 

 Orders addressing the applicability of section 456.057 are reviewable by certiorari.
 
 Hannon v. Roper,
 
 945 So.2d 534, 535 (Fla. 1st DCA 2006). “A writ of certiorari should only be issued where the petitioner has no adequate remedy on appeal and where the trial court’s order departs from the essential requirements of law.”
 
 Id.
 

 We agree that the plaintiff has no adequate remedy on appeal. “The protection against disclosure of privileged information does not require a showing of irreparable harm beyond threat of disclosure itself to merit action by reviewing
 
 *787
 
 courts.”
 
 Kirkland v. Middleton,
 
 639 So.2d 1002, 1004 (Fla. 5th DCA 1994).
 

 However, we find that the trial court’s order does not depart from the essential requirements of the law. This case is distinguishable from the cases upon which the plaintiff
 
 relies
 
 —Acosta
 
 v. Richter,
 
 671 So.2d 149 (Fla.1996);
 
 Keel v. Psychiatric Inst. of Delray, Inc.,
 
 668 So.2d 691 (Fla. 4th DCA 1996);
 
 Kirkland
 
 (cited above);
 
 Lemieux v. Tandem Health Care of Fla., Inc.,
 
 862 So.2d 745 (Fla. 2d DCA 2003);
 
 Dannemann v. Shands Teaching Hosp. & Clinics, Inc.,
 
 14 So.3d 246 (Fla. 1st DCA 2009); and
 
 Hannon
 
 (cited above). In
 
 Acosta, Keel, Kirkland,
 
 and
 
 Lemieux,
 
 the orders in error would have allowed the plaintiff’s nonparty treating physicians to have ex parte conferences with
 
 the defendants’ attorneys.
 
 Here, the order allows the plaintiffs nonparty treating physician to have an ex parte conference with
 
 her own attorney.
 
 In
 
 Dannemann
 
 and
 
 Han-non,
 
 the orders in error would have allowed the plaintiffs nonparty treating physicians to have ex parte conferences with their own attorneys,
 
 including discussion of the patient’s medical condition.
 
 Here, the order allows the plaintiffs nonparty treating physician to have an ex parte conference with her own attorney,
 
 excluding the plaintiffs health care information. See Royal v. Harnage,
 
 826 So.2d 332, 335 (Fla. 2d DCA 2002) (“We are not inclined to believe that [the statute] bars all discussion between a health care provider and his or her attorney concerning an upcoming deposition.”).
 

 The plaintiff further relies on
 
 Acosta, Keel,
 
 and
 
 Kirkland
 
 for other reasons. In
 
 Acosta,
 
 the supreme court “rejected] the contention that ex parte conferences with treating physicians may be approved so long as the physicians are not required to say anything.” 671 So.2d at 156. The court “believefd] it is pure sophistry to suggest that the purpose and spirit of the statute would not be violated by such conferences.”
 
 Id.
 
 We quoted this language in
 
 Keel.
 
 In
 
 Kirkland,
 
 the fifth district stated, “Were unsupervised
 
 ex parte
 
 interviews allowed, medical malpractice plaintiffs could not object and act to protect against inadvertent disclosure of privileged information, nor could they effectively prove that improper disclosure actually took place.” 639 So.2d at 1004.
 

 However, it is our understanding that the ex parte conferences to which the foregoing quotes refer were conferences between nonparty treating physicians and
 
 the defendants’ attorneys.
 
 We do not believe the temptation to violate a court-ordered prohibition is as strong in situations involving nonparty treating physicians and
 
 their own attorneys.
 
 Though we are not naive, we also are not so cynical to accept the plaintiffs assumption that the prohibition will be disobeyed simply because the same insurer is providing attorneys to both the defendants and the oral surgeon, albeit separate attorneys.
 
 See
 
 Comment to R. Regulating Fla. Bar 4-1.8(j) (“[T]he representation of an insured client at the request of the insurer creates a special need for the lawyer to be cognizant of the potential for ethical risks.”). As the plaintiff states in his petition, “In theory at least, it should make no difference who pays the fees.”
 

 Petition denied.
 

 WARNER and CIKLIN, JJ., concur.