POLSTON, C.J.,
dissenting.
I respectfully dissent. The majority’s ruling is far removed from a plain meaning interpretation of a statute and is seriously in error because (i) this Court does not have jurisdiction here, (ii) the majority’s ruling improperly prohibits nonparty physicians from obtaining the legal counsel to which they are entitled under the insurance that they purchased, and (iii) the ruling improperly prohibits nonparty phy- *579 sieians from obtaining ANY legal counsel, even from lawyers not provided by their insurance. I believe legal advice was properly sought in this case, with the proper admonition to not disclose confidential information. Further, there is no reason in this case to question whether the physician and her lawyer would do anything other than abide by the court order and their respective ethical obligations. The Fourth District Court of Appeal’s decision should be affirmed.
First, there is no conflict jurisdiction. Judge Gerber, authoring the well-reasoned opinion on behalf of the unanimous Fourth District, correctly distinguished the cases the majority’s decision claims are in conflict. The Fourth District explained that in Dannemann v. Shands Teaching Hosp. & Clinics, Inc., 14 So.3d 246 (Fla. 1st DCA 2009), and Hannon v. Roper, 945 So.2d 534 (Fla. 1st DCA 2006), “the orders in error would have allowed the plaintiffs nonparty treating physicians to have ex parte conferences with their own attorneys, including discussion of the patient’s medical condition. Here, the order allow[ed] the plaintifPs nonparty treating physician to have an ex parte conference with her own attorney, excluding the plaintiffs health care information.” Hasan v. Garvar, 34 So.3d 785, 787 (Fla. 4th DCA 2010) (emphasis in original). Next, the Fourth District distinguished Acosta v. Richter, 671 So.2d 149 (Fla.1996). The Fourth District noted that this Court in Acosta “reject[ed] the contention that ex parte conferences with treating physicians may be approved so long as the physicians are not required to say anything. The court believed it is pure sophistry to suggest that the purpose and spirit of the statute would not be violated by such conferences.” Hasan, 34 So.3d at 787 (quoting Acosta, 671 So.2d at 156). However, as the Fourth District stated, “the ex parte conferences to which the foregoing quotes refer were conferences between nonparty treating physicians and the defendants’ attorneys. We do not believe the temptation to violate a court-ordered prohibition is as strong in situations involving nonparty treating physicians and their oum attorneys.” Id. (emphasis in original). The Fourth District properly distinguished the cases, and the Court does not have jurisdiction in this case.
Moreover, on the merits, the majority wrongfully prohibits a physician from consulting with her own lawyer, paid for by her insurance, by assuming that ethical violations will occur. The physician has a duty to her patient to protect confidential information, not to the insurance company. Furthermore, in this case, a court order was in place which expressly prohibited the disclosure of any patient information at the objected to pre-deposition conference. The majority assumes the physician will violate her patient’s confidentiality and that she and her appointed lawyer will then go on to improperly “tell all” to the insurance company in direct violation of a court order. In order to remedy this yet presumed, future wrong, the majority prohibits the physician from obtaining the legal counsel to which she is rightfully entitled and for which she has already paid. There is no requirement in the patient confidentiality statute that compels this very odd ruling. The practicing physicians and the lawyers of Florida deserve more respect as professionals who are faithful to their oaths of ethical conduct. We should expect and demand compliance with court orders rather than rule with the anticipation that they will be violated.
Additionally, the majority’s holding is not limited to the circumstance in this case — where the same insurance company hires separate lawyers for the defendant and for a nonparty treating physician. Rather, it is so breathtakingly broad that *580 it even forbids the nonparty physician from consulting a lawyer that she may choose to hire independently. See, e.g., majority op. at 18 (“The privilege prohibits ex parte meetings between nonparty treating physicians and others outside the confidential relationship whether or not they intend to discuss privileged or non-privileged matters.”). I am unaware of any other circumstance where this Court has prohibited someone from consulting a lawyer for legal advice.
Discovery depositions and investigative techniques used by lawyers during an ongoing trial pursuant to the rules of court may be unsettling to nonparty witnesses to the point that they understandably desire to seek counsel about the process. This desired legal counsel does not require improper disclosure of confidential information, as recognized by the Fourth District below. At a minimum, the Court’s prohibition of such legal counsel violates the First Amendment protection of commercial speech between the nonparty physician and her lawyer. See Bates v. State Bar of Arizona, 433 U.S. 350, 364, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977) (protecting lawyer’s commercial speech under the First Amendment and explaining that “[t]he listener’s interest is substantial: the consumer’s concern for the free flow of commercial speech often may be far keener than his concern for urgent political dialogue” and that “such speech serves individual and societal interests in assuring informed and reliable decisionmaking”). Under the facts of this case, the lawyer was engaging in commerce by giving legal advice in return for compensation. Therefore, the communication between the lawyer and client was protected, at least, by First Amendment commercial speech rights. As the United States Supreme Court noted in Bates, the listener’s interest (the nonparty physician in this case) is substantial, and the speech with her lawyer will assist her with “informed and reliable decisionmak-ing.”
Accordingly, because the statute has no language that prohibits physicians from obtaining legal counsel that does not disclose confidential medical information, I respectfully dissent.
CANADY, J., concurs.